ENGFER, Respondent, vs. ROEMER, Appellant.

*January 31 — February 28, 1888.*

*Liens: Unauthorized work: Retention of bill: Ratification: Agency: Evidence.*

1. In an action to enforce a mechanic's lien for repairing a house and building a barn, the defendant admitted that she had authorized the repairs, but claimed that the barn was built without her knowledge or consent, and there was no direct proof that she had authorized it to be built. A bill for the whole work had been presented to her, and there was evidence that she then told the plaintiff that he must look to the tenant for his pay for the barn, because she had not authorized it to be built and did not want it. *Held,* that the mere fact that she received the bill and retained it for a long time would not warrant the inference that she assented to it or acknowledged her liability to pay for the barn.

2. *Quære,* whether an agreement by the owner of land to pay for work done thereon without his knowledge or consent would give the right to a lien.

3. Parol agency to charge a principal's realty ought to be express and clearly established.

APPEAL from the County Court of *Milwaukee* County.

Action to enforce a lien for labor performed and materials furnished in repairing a dwelling-house and building a barn upon land owned by the defendant. There was a special verdict, by which it was found, among other things, that the labor and materials, exclusive of the barn, were reasonably worth $52; that the building of the barn and furnishing of the materials therefor were reasonably worth $28; and that the plaintiff had been paid $40, which he received

in part payment of the total of $80. Other facts are stated in the opinion. From a judgment in favor of the plaintiff for $40 and costs, the defendant appealed.

The cause was submitted for the appellant on the brief of *Charles M. Bice*, and for the respondent on that of *Thompson & Schoof*.

COLE, C. J. There is no serious controversy as to the repairs upon the house. The defendant admits in her answer that through her tenant, Kohlman, she entered into an agreement with the plaintiff to take out the front of the old building and put in place thereof a new front; to take down the partition in the building, and put in place thereof a wooden partition; put up shelves, and make stairs in front; for which she agreed to pay what these repairs were reasonably worth. She further alleged that the plaintiff presented to her a bill of $40 for this work, which she has paid. The payment of the $40 is not disputed, but the plaintiff claims it is not what the work was worth, and the jury found, in answer to the fifth question submitted, that the work done and materials furnished by the plaintiff, exclusive of the barn, were reasonably worth $52. To the extent of the unpaid balance found to be due for this work, if any, the plaintiff's right to a lien would seem to be indisputable. The contract for it was made by the tenant, who was authorized by the defendant to make it, and she is clearly bound by it.

The real controversy in the case is in reference to the barn which plaintiff built upon the lot. This barn the defendant claims was built without her authority, knowledge, or consent, for the convenience of the tenant, and that she is not liable to pay for it. It is true, the defendant owned the lot upon which the barn was built, but it is obvious that that fact alone would not render the premises subject to a lien, if the barn was put upon them without her authority, knowl-

edge, or consent. A person cannot obtain a lien upon the premises of another unless the work was done by the authority, knowledge, or assent of the owner. This proposition is too plain for argument. There was no direct authority shown on the part of the defendant for building the barn. The tenant, Kohlman, made the contract with the plaintiff for putting it up, but he does not pretend that he was authorized by the defendant to have the work done. The question then is, Upon what ground can the premises be subject to a lien for its payment?

In answer to the first question, the jury found, in effect, that the plaintiff built the barn at the defendant's instance and request; also, in answer to the sixth, that the barn was built with her knowledge and assent at the time, or that she accepted and approved of the job when done. If there were evidence to support these findings, the case would be measurably free from difficulty. Of course, if the defendant requested the plaintiff to put up the barn, the law would imply a promise to pay for it; or, if she assented to it at the time, and accepted and approved of the work when done, this, perhaps, might be deemed a ratification of the acts of her agent, and would bind her. But there is really no affirmative evidence that the defendant authorized the barn to be built, or that she even knew of its construction until after it was erected, or that she ever accepted and agreed to pay for it. We are inclined to think the jury must have reached the conclusions they did upon these points because of certain things in the charge of the learned county court which were well calculated to mislead. There was evidence which tended to prove that the plaintiff, after he completed the repairs upon the house and built the barn, presented to the defendant a bill for the entire work, which bill she retained. Upon this point the court, in effect, charged that the plaintiff would be entitled to a lien upon the premises for the balance due for repairs on

the house, unless such repairs had been settled and paid for; but that the defendant would not be liable for the barn, if she did not know or was not informed of the construction of it until after it was built, unless she thereafter assumed the payment in the manner which had been stated, either by receiving the bill and retaining it for so long a time that the law would infer that she assented to it, or had agreed to receive it and pay for it.

In our opinion, the fact that the defendant received and retained the plaintiff's bill for a long time, if such were the case, was entitled to but little weight. The bill was partly for work which the defendant admitted she had authorized. It also contained charges for work which there is no direct proof that she ever authorized. Under some circumstances, the failure of a party to object to an account rendered raises a strong presumption of its correctness; but even that presumption may be rebutted by proof tending to establish a contrary inference. Where a party receives and retains an account which has been presented, makes no objection to items therein charged, after a lapse of time it becomes a stated account, and a strong proof of its correctness. *Lockwood v. Thorne*, 11 N. Y. 170, and cases cited. In *Toland v. Sprague*, 12 Pet. 334, the court say: "We agree that the mere rendering an account does not make it a stated one; but that, if the other party receives the account, admits the correctness of the items, claims the balance or offers to pay it, as it may be in his favor or against him, then it becomes a stated account." See, also, *Lockwood v. Thorne*, 18 N. Y. 285; *Cobb v. Arundell*, 26 Wis. 553; *Hinton v. Coleman*, 45 Wis. 165. There is considerable evidence that the defendant informed the plaintiff, when he presented the bill in question, that he must look to the tenant for his pay for the barn, because she did not authorize it to be built and did not want it; so that the mere fact that she retained the bill for a long time would not warrant the inference that she

Engfer vs. Roemer.

assented to it, or acknowledged her liability to pay for the barn. Besides, it admits of grave doubt, if she actually agreed to pay the entire bill as the plaintiff claims, whether this would give a lien upon the premises for the expense of the barn. The defendant, upon a sufficient consideration, might become personally liable for the payment of that debt without subjecting her property to a lien for its payment.

We have said that there was no direct proof that the defendant ever authorized her tenant to contract for the building of the barn. Such agency is attempted to be established by mere circumstances. "Parol agency to charge a principal's realty ought to be express and clearly established." RYAN, C. J., in *Lauer v. Bandow*, 43 Wis. 556. There ought certainly to be some satisfactory evidence that the defendant authorized the tenant to make the contract for building the barn in the first instance, or that she subsequently ratified his acts in that regard in some unequivocal manner. The fact that she received and retained the bill for the work, we deem, under the circumstances, insufficient to give the plaintiff a right to a lien upon the premises for that work. *Lauer v. Bandow, supra*. We therefore think the charge above referred to was calculated to prejudice the defendant, and that the judgment of the county court must be reversed, and the cause be remanded to the superior court for a new trial.

*By the Court.*— It is so ordered.