Rose vs. Bradley.

ROSE, Respondent, vs. BRADLEY, Appellant.

*November 27 — December 17, 1895.*

*Partnership: Settlement: Implied promise to pay accordingly: When action at law may be maintained: Account stated: Acquiescence: Instructions to jury: Appeal: Immaterial errors.*

1. R., a partner in a firm which had ceased to do business and owed nothing, drew off from the books a balance sheet showing the amount which each partner was entitled to receive from the assets, which consisted of collectible accounts. A copy was sent to each of the other partners, B. and S., and after the firm had dis-

Rose vs. Bradley.

solved they met with such balance sheet and the books before them. No express agreement was made in respect to a settlement. but no objection was then or afterwards made to the correctness of the balance sheet or the adjustment of the partnership affairs. according to it, and it was agreed that S. should collect the accounts and pay over the same. S. collected all of the accounts except $450 collected by B., kept the whole amount due himself, and paid the balance to R. and B. in proportion to their respective shares; but B. did not pay to R. the latter's share of said $450. *Held*, that there was a settlement and an implied promise to pay accordingly, upon which R. might maintain an action at law against B. for his share of the $450 collected by the latter.

2. Where the fact of a settlement of the affairs of a partnership is established, no express promise to pay accordingly is necessary to sustain an action at law. an implied promise being sufficient.

3. The question being whether there had been a settlement of partnership affairs, an instruction that "a settlement is the looking over of the mutual accounts of two or more persons who have had business transactions, and striking a balance between them," although not strictly correct, was probably not misleading, the word "striking" being used, and probably understood by the jury, in the sense of "agreeing upon."

4. The mere sending of an account and its retention without objection do not necessarily constitute a settlement or account stated.

5. Mere silence when accounts are presented is not sufficient to constitute a settlement.

6. A judgment which is clearly right upon the undisputed evidence will not be reversed because of errors in the instructions to the jury.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

In 1893 plaintiff and defendant and one P. M. Shaw were partners in business. The copartnership was dissolved January 1, 1894. In December, 1893, and after the firm had suspended doing business, plaintiff, who had possession of the books, took account of all the assets of the firm, consisting of accounts receivable, all of which were collectible and were afterwards actually collected, credited up to each partner his share, then drew off a balance sheet showing the condition of each partner's account, by which it was shown that

the plaintiff was entitled to $2,408.63; defendant $1,247.38; and Shaw, $1,478.17. A copy of this balance sheet and proposed adjustment of the partnership affairs, prior to January 1, 1894, was sent to Shaw, and one to *Bradley.* About the 30th day of January, 1894, they met at Ashland, and the balance sheet referred to was before them; also, the books. There was no express agreement there made in respect to a settlement, or at any other time, but no objection whatever was made to plaintiff, by either defendant or Shaw, to the adjustment of the partnership matters according to the balance sheet, either at that time or at any other, prior to the commencement of this action; and it was there agreed that Shaw should collect all the balance of the accounts, and pay the same over when collected. Pursuant to this understanding, Shaw collected the accounts referred to, except $450 collected by defendant, kept the amount due himself, and paid over the balance to plaintiff and defendant in proportion to their respective shares. Defendant kept the amount — $450 — collected by him, which, according to the division as shown by the balance sheet, belonged, $266.41 to plaintiff, and $183.59 to defendant. Defendant did not pay plaintiff any sum, except $10; leaving him indebted to plaintiff to the amount of $256.41 at the time of the commencement of the action, if there was, by reason of the facts, a settlement between the parties, as plaintiff claims.

The only issue tried and submitted to the jury is whether there was a settlement, so as to entitle plaintiff to maintain an action at law against the defendant. The instructions given by the court on the subject were all excepted to. The jury rendered a verdict in plaintiff's favor. Defendant moved to set aside the verdict and for a new trial. The motion was overruled, and judgment was entered in plaintiff's favor, from which this appeal was taken.

The cause was submitted for the appellant on the brief of *A. E. Dixon,* and for the respondent on that of *Dockery & Kingston.*

Rose vs. Bradley.

Counsel for the appellant cited 1 Wait, Act. & Def. 191; 6 id. 424; *Lockwood v. Thorne*, 18 N. Y. 286; 17 Am. & Eng. Ency. of Law, 1267, and note 6.

Counsel for the respondent cited 1 Wait, Act. & Def. 193, 194; 1 Am. & Eng. Ency. of Law, 113, 116; 17 id. 1285, 1286, note 1; 1 Story, Eq. Jur. § 526; *Lockwood v. Thorne*, 18 N. Y. 286; *Stenton v. Jerome*, 54 N. Y. 480, 484; *Engfer v. Roemer*, 71 Wis. 11, 14; 1 Bates, Partnership, § 330; 2 id. §§ 860, 954; Parsons, Partnership, 281, 519, 520; *Heartt v. Corning*, 3 Paige, 566.

MARSHALL, J. The question presented by the pleadings and tried in the court below is whether there had been a settlement between the appellant and his copartners, so as to entitle respondent to maintain an action at law for the amount claimed to be due him; it being well settled that one partner has no right of action against his copartners on account of partnership transactions, although a final settlement show a balance in his favor, till a balance has at least been ascertained and agreed upon. *Tolford v. Tolford*, 44 Wis. 547.

The record presents for consideration several exceptions to the instructions given to the jury.

The learned circuit judge said to the jury, "A settlement is the looking over of the mutual accounts of two or more persons who have had business transactions, and striking a balance between them." We apprehend that the word "striking" was used in the sense of "agreeing upon," and it was probably so understood by the jury; and as so understood it is free from criticism, though as given it was not strictly correct.

The learned judge further said to the jury, "Under the law, where one man makes out an itemized statement of his accounts with another, and mails or hands him a copy, and such person retains the same, making no objection thereto, then in law it constitutes a settlement of the accounts be-

tween them." This is not a correct statement of the law, either as applied to accounts between individuals generally having business transactions with each other, or between partners. The mere making out by one person of his account with another, with whom he has had business transactions, and the sending of the same to him, and its retention by such other without objection, does not necessarily constitute a settlement or account stated. If such other keeps the account, and fails to object within a reasonable time, the facts raise a presumption or inference of acquiescence. That is all. Such presumption or inference is more or less strong according to circumstances. The neglect to return or object may be for such a length of time as to render such presumption conclusive on the question of acquiescence, so as to make an account stated. The mere retention of the account, however, without objection, is evidence of acquiescence only. *Stenton v. Jerome*, 54 N. Y. 480; *Lockwood v. Thorne*, 18 N. Y. 285; *Engfer v. Roemer*, 71 Wis. 11; Whart. Ev. § 1140, and cases cited.

The learned circuit judge further said to the jury, "If the plaintiff presented his trial balance and all the books of account of the partnership to defendant, and gave him an opportunity to object to any item or items, and defendant made no objection to the same, you may find that it constituted a settlement, even if the meeting of the parties occurred in a public hotel." If the court meant by this that the fact that the occurrence took place in a public place would not necessarily preclude a finding of the fact of settlement, at least we might say that defendant cannot be prejudiced thereby. If the court meant to be understood, and was understood, by the jury, as saying that if the trial balance was presented to defendant with the books of account, and no objection was made, the mere fact of silence at that time raised an inference of acquiescence sufficient to warrant a finding that there was a settlement in fact, then the in-

Rose vs. Bradley.

struction cannot be upheld.  Mere silence when accounts are presented is not sufficient to warrant a finding of settlement.

Notwithstanding the criticisms we feel called upon to make of the learned judge's charge, it cannot result in disturbing the judgment appealed from unless defendant was prejudiced thereby.

There does not appear to be any controversy but that the division of assets made by plaintiff in stating the account which was rendered to defendant and Shaw was correct, or that there was anything to do to wind up the affairs but to collect the accounts and pay the same, when collected, to the members of the partnership according to their respective rights.  The accounts were all good.  They were all collected.  They were turned over to Shaw to collect and distribute.  He made the collections and the distribution in accordance with the division shown by the balance sheet, and without objection so far as regards the correctness of the division up to the time of the bringing of this action; and we fail to find in the record any substantial objection, or any, at any time, that such division was not correct.  The parties, from the time the balance sheet was rendered, appear to have acted upon the theory that the division was correctly made.  All the accounts were collected by Shaw, except $450.  He kept the amount coming to himself as shown by the balance sheet, and paid the rest over to defendant and plaintiff.  No objection appears to have been made thus far.  Defendant collected the $450, and kept it, except $10; and it does not appear from the evidence that he kept that because there was anything wrong in the statement of settlement as made by plaintiff.  He paid $10 of the $450 to plaintiff; leaving a balance due him from defendant of $256.41, if the fact of settlement in accordance with the balance sheet is established.  No express promise to pay was necessary in order to entitle plaintiff to sue at

Rose vs. Bradley.

law. Authorities may be cited to support such a theory, but the better rule is that it is not necessary to show an admitted balance and an express promise to pay. An implied promise is sufficient. This is supported by an abundance of authority. *Williams v. Henshaw,* 11 Pick. 79; *Dickinson v. Granger,* 18 Pick. 317; *Spear v. Newell,* 13 Vt. 288; *McKinster v. Hitchcock,* 19 Neb. 100; *Claire v. Claire,* 10 Neb. 54; *Pope v. Randolph,* 13 Ala. 214; *Ross v. Cornell,* 45 Cal. 133; *Purvines v. Champion,* 67 Ill. 459; *Holman v. Nance,* 84 Mo. 674; *Cochrane v. Allen,* 58 N. H. 250; *Knerr v. Hoffman,* 65 Pa. St. 126. Such is now the rule in England. *Rackstraw v. Imber,* Holt N. P. 368; *Wray v. Milestone,* 5 Mees. & W. 21; *Jackson v. Stopherd,* 2 Cromp. & M. 361; *Brierly v. Cripps,* 7 Car. & P. 709; *Henley v. Soper,* 8 Barn. & C. 16. Here there were no debts to be paid. The items were all ascertained. An account was stated, treating all such items as cash. All were subsequently converted into cash. The stated account was not objected to within a reasonable time, or at all. It was substantially treated by all parties as correct. Hence, there was really nothing to submit to the jury on the question of acquiescence. There was an implied promise, under the circumstances, on defendant's part, to pay the $256.41 which he collected and unjustly retained, and the court might very properly have directed a verdict.

It follows that the judgment of the circuit court is clearly right upon the undisputed evidence, and should not, therefore, be reversed because of any errors in the instructions. *Andrea v. Thatcher,* 24 Wis. 471; *Shoemaker v. Hinze,* 53 Wis. 116; *Williams v. Porter,* 41 Wis. 422.

*By the Court.*— The judgment of the circuit court is affirmed.