SEGELKE & KOHLHAUS MANUFACTURING COMPANY, Respondent, vs. VINCENT, Appellant.

*March 10—March 31, 1908.*

*Account stated: What constitutes: Conclusiveness.*

1. Where plaintiff presented to defendant a statement in writing showing the debits and credits with respect to the items embraced therein, which defendant admitted to be correct, the finding that this constituted an account stated was justified, although the defendant at the time of admitting the correct-

ness asserted a counterclaim, which plaintiff denied, growing out of another transaction.

2. Unless the balance shown on an account stated has been reached as the result of compromise, or unless there be facts working an estoppel, such account is only *prima facie* correct, and may be impeached for mistake of law or fact with respect to the items included in it or for omission of items.

APPEAL from a judgment of the circuit court for La Crosse county: J. J. FRUIT, Circuit Judge. *Affirmed.*

The complaint in this action is founded upon an account stated between the parties in November, 1905, for goods sold the defendant and demands judgment for the balance. The answer of the defendant was treated on the trial as a general denial. A jury was waived, and the court found that there was an account stated and the amount due the plaintiff and directed judgment accordingly, and from the judgment entered thereon this appeal is taken.

*C. L. Hood,* for the appellant.

For the respondent there was a brief by *McConnell & Schweizer,* and oral argument by *C. H. Schweizer.*

BASHFORD, J. The controversy on this appeal relates to the finding of the court that there was a stated account between the parties. Counsel for appellant strongly insists that the proof does not establish a stated account, as the defendant at the time the statement was presented and its correctness admitted by him asserted a counterclaim growing out of another transaction; in other words, that the mutual claims between the parties were never adjusted and the balance agreed on. It is conceded that if there was an account stated the judgment should be affirmed. The facts concerning the alleged claim of the defendant are as follows: While Segelke, Kohlhaus & Co. were engaged as partners in operating a sash, door, and blind factory at La Crosse, Mr. Segelke, one of the partners, was interested in a sawmill at Dancy, Wisconsin, with one Petit, doing business under the

firm name of Segelke, Petit & Co. This last company did sawing for the defendant and had an account with him. The defendant claimed a shortage in the shipment of lumber sawed for him by that firm and asserted a claim against it for the amount thereof. Defendant never claimed that this had anything to do with the mill account of the plaintiff, *Segelke & Kohlhaus Manufacturing Company,* which succeeded the firm of Segelke, Kohlhaus & Co. in 1892. After the corporation was formed the parties continued to transact business, and an account was rendered to the defendant every year thereafter, but the amount was never settled in full, defendant claiming that he should have credit for this old claim against Segelke, Petit & Co., which had long before gone out of business. The plaintiff never recognized the validity of this claim or assumed any liability for its payment. When the plaintiff presented its statement in November, 1905, for the amount due for mill work from the defendant, he admitted the correctness thereof, but insisted that this stale demand against the firm of Segelke, Petit & Co. should be allowed as a counterclaim. It is to be noted that this was not pleaded as a counterclaim, nor did the defendant seek to impeach the accuracy of the statement of the plaintiff which was offered in evidence. Appellant's counsel took the position that the statement of the plaintiff, which was admitted to be correct, was not an account stated, for the reason that this old claim had not been considered in arriving at the balance due, and that therefore the defendant could not maintain the action in its present form. In support of this contention counsel for appellant cites *Harley v. Goodfellow,* 1 Han. (N. B.) 335, and *Stenton v. Jerome,* 54 N. Y. 480, neither of which has any direct application. In *Harley v. Goodfellow* the plaintiff presented a statement containing debits and credits to the defendant, who admitted the debits to be correct, but refused to sign the same, alleging that there might be other credits to which he was entitled, for the con-

sideration of which he required time. The court properly held that this did not prove an account stated. *Stenton v. Jerome, supra,* relates to a statement of mutual accounts, and in such a case, in order to establish an account stated, there must be an agreement between the parties as to the allowance or disallowance of their respective claims and as to the balance as it is struck upon the final adjustment of the whole account. The court says in the opinion (p. 484) : "If one party presents his account to the other and the latter makes no objections, it may well be inferred that he is satisfied with and assents to it as correct."

When the statement was presented by the plaintiff, showing charges for mill work, and the defendant admitted that it was correct, it became an account stated between the parties with respect to the matters embraced therein, even though it did not cover all the transactions between the parties. *Graham v. Chubb,* 39 Mich. 417; *Pierce v. Delamater,* 3 How. Pr. 162. The case last cited is directly in point. There the defendant admitted the correctness of an account that was shown him, but at the same time said he had an offset. The court held that there was sufficient admission to establish the correctness of the plaintiff's claim, and the defendant was bound to prove a setoff on the trial. To the same effect is *White v. Whiting,* 8 Daly, 23. Nor does the existence of an alleged counterclaim prevent the admitted statement from becoming an account stated. *Filer v. Peebles,* 8 N. H. 226; *Ware v. Manning,* 86 Ala. 238, 5 South. 682.

*Wharton v. Anderson,* 28 Minn. 301, 9 N. W. 860, gives a clear statement of the effect to be given to an account stated. The court says (p. 305, 9 N. W. 862) :

"There is some confusion in the books as to the precise effect of a stated account upon the rights of the parties, but we are inclined to the opinion that it is only *prima facie* evidence of the correctness of the balance, and not conclusive upon it, unless in arriving at the agreed balance there has

been some concession made upon items disputed between the parties, so that the balance is the result of a compromise, or some act has been done or forborne in consequence of the accounting, and relying upon it, which would put the party claiming the benefit of it in a worse position than as though it had not been had, so as to bring the case within the principles of an estoppel *in pais.* A stated account, not affected by such new consideration or estoppel, may be impeached for mistake or error in law or in fact with respect to the items included in it, or for omission of items."

The finding of the court that the statement presented in writing to the defendant by the plaintiff showing the debits and credits with respect to the items embraced therein was admitted by the defendant to be correct, and that the same thereupon became an account stated, is supported by abundant evidence, and the judgment entered thereon must be sustained.

*By the Court.*—Judgment affirmed.