Jones, Respondent, vs. De Muth, Appellant.

*November 11—November 27, 1908.*

*Appeal and error: Trial by court: Absence of exceptions: Conclusiveness of findings: Questions considered: Evidence: Books of account: Entries: Admissibility: Admissions by silence: Accounts rendered.*

1. In an action for the value of a cream separator, tried by the court, absence of exception to any finding except that of reasonable value renders the findings conclusive as to all other facts to which they relate.

2. In such case the only question on appeal is whether the finding as to the value being $100 is supported by any evidence, there being no evidence to the contrary.

3. Under sec. 4186, Stats. (1898), relating to admission in evidence of books of account, absence of any evidence "that such entries are just, to the best of his [witness's] knowledge and belief," renders the entries in the books inadmissible.

4. Where a demand in the form of a bill or account is delivered to a debtor his conduct with reference thereto may be significant, and his failure to object within a reasonable time be construed *prima facie* as an admission that such bill or account is correct.

5. Such failure to object is not at all conclusive either on the fact of admission or on the fact of correctness, but is *prima facie*, subject to be overcome by other evidence.

6. Where, in an action for the value of a cream separator, it appeared from the evidence that the seller on two occasions had sent to the buyer bills specifying a designated price, and that the buyer had received and retained each bill but had made no objection to the price, *held*, that a finding of such price as the reasonable value of the separator had some evidence to support it and could not, therefore, be set aside on appeal.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

Action to recover for cream separator alleged to have been sold and delivered by plaintiff to the defendant with no specified price, but which was of the alleged reasonable value of $100. Answer, general denial. Action was tried to the

court, jury being waived. The court found that on or about October 14th plaintiff sold and delivered to the defendant the cream separator; that the same was of the reasonable value of $100; that payment had been demanded but not made; and rendered judgment in favor of the plaintiff for the amount so found with interest and costs, from which the defendant appeals.

The cause was submitted for the appellant on the brief of *Minahan & Minahan,* and for the respondent on that of *George H. Kelly.*

DODGE, J. The absence of exception to any except the finding of reasonable value renders findings conclusive as to all other facts to which they relate, and thus it is established that the plaintiff sold and delivered and the defendant purchased this cream separator, that such sale was consummated on or about October 14th, and, as matter of course, the price was then fixed, not by express agreement of the parties, but by implication of law, at the reasonable value of the property. The only question, therefore, on this appeal is whether the finding that such value was then $100 is supported by any evidence, for there is none at all to the contrary.

The court seems to have found support for its conclusion in the fact, testified to orally, that plaintiff charged the separator upon his books of account at that sum. But the conditions under which books of account or entries therein are permitted to have evidentiary effect by statute (sec. 4186, Stats. 1898) were not all proved. There is entire absence of any evidence "that such entires are just, to the best of his [plaintiff's] knowledge and belief." Without such proof the entries in the books were inadmissible. *Kelley v. Crawford,* 112 Wis. 368, 371, 88 N. W. 296; *Brown v. Warner,* 116 Wis. 358, 93 N. W. 17.

But the trial court further found evidence of value in the acts of the parties, in that plaintiff on two occasions,

about April 1 and June 1, 1906, sent to the defendant bills
for the separator specifying as a price $100, and that the de-
fendant received them.    Confessedly he made no response
thereto.    While of course the plaintiff could not by his own
act in writing or sending such bills create any evidence of
the value of the separator or the price at which it was sold,
yet it is quite uniformly held that, when a demand in the
form of a bill or account is delivered to the debtor, his con-
duct with reference thereto may be significant, and his fail-
ure to object within a reasonable time be construed *prima
facie* as an admission that such bill or account is correct; not
at all conclusive either on the fact of admission or on the fact
of correctness, but *prima facie,* subject to be overcome by
other evidence.    *Assignees of Field v. Moulson,* 2 Wash. C.
C. 155; *Wiggins v. Burkham,* 10 Wall. 129; *Freas v. Truitt,*
2 Colo. 489; *Fisk P. & F. Co. v. Evans,* 37 N. Y. Super. Ct.
482; *Lockwood v. Thorne,* 18 N. Y. 285; *Shepherd v. Bank
of Mo.* 15 Mo. 143; *Hayes v. Kelley,* 116 Mass. 300; *Hinton
v. Coleman,* 45 Wis. 165; *Engfer v. Roemer,* 71 Wis. 11,
36 N. W. 618; *Rose v. Bradley,* 91 Wis. 619, 623, 65 N. W.
509.    True, in *Hinton v. Coleman* this court held that pres-
entation of a bill under the circumstances there existing
constituted no evidence at all of the price of the article sold,
but that was because the defendant immediately repudiated
liability entirely, although without questioning the correct-
ness of the price, and returned the bill to the alleged seller.
It is at least a reasonable implication of the decision in that
case that had he retained the bill and made no protest what-
ever it would have constituted *prima facie* evidence that the
values therein specified were correct.    Applying this well-
established rule in the present case, we think the court was
justified in holding that defendant's silence and retention of
the bills without protest might be construed as an admission
on his part that the price therein named was that at which
the separator had been purchased, and therefore that the

finding of $100 as such value or price had some evidence in its support. It therefore cannot be set aside, and, with the other findings, suffices to support the judgment appealed from.

*By the Court.*—Judgment affirmed.