MILLER and another, Respondents, vs. RYDER, Appellant.

*February 23—March 14, 1911.*

*Interest: Account stated: Waiver of agreement.*

Plaintiffs' oral agreement that if defendant would continue to buy goods of them no interest would be charged on his account was waived by defendant's subsequent conduct during four years in receiving and acquiescing in statements of account in which interest was charged, and in making payments on account without protest after knowledge that his remittances were being credited on the amount of principal and interest and the balance carried forward as an item into the next statement.

APPEAL from a judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *E. C. Alvord,* attorney, and *Horace B. Walmsley,* of counsel, and for the respondents on that of *Richmond, Jackman & Swansen.*

TIMLIN, J. The court directed a verdict for the plaintiffs, and the appellant insists this was error because there was evidence to take the case to the jury. In a course of dealing between plaintiffs and defendant which began about December, 1900, and ended January 2, 1907, it appeared that defendant on September 18, 1902, met one of the plaintiffs in Chicago and informed him that he would not buy any more goods from the plaintiffs, who were engaged in the manufacture and sale of clothing, because they charged him interest

on his account. An agreement was then made that if the defendant would continue to buy goods of the plaintiffs no interest would be charged. The defendant continued purchases of clothing from the plaintiffs, and the plaintiffs sent bills or invoices containing a printed statement that interest would be charged after a certain date, and also sent about ten different statements of account, in each of which interest was charged. The interest so charged was added to the sum of the items of the bill. Remittances made by defendant were credited on the amount of principal and interest and the remainder carried forward as an item into the next statement. The defendant without objection made partial payments again, which were credited in the same way against the amount of principal and interest.

Defendant contends that he was not bound to notice these invoices or statements or make any objection thereunto, but might rely on his agreement, and the plaintiffs claim and the court below held that the receipt of and acquiescence in these statements of account, and payments made without protest after knowledge that payments had been so applied as aforesaid (and hence that future payments would be so applied), constituted a waiver of the agreement testified to by the defendant, and directed the verdict as said. This course of dealing, having continued for more than four years after the making of the alleged oral agreement, must be construed to be a waiver of that agreement by subsequent conduct and consent within the rule of *Ripley v. Sage L. & I. Co.* 138 Wis. 304, 119 N. W. 108; *Rose v. Bradley,* 91 Wis. 619, 65 N. W. 509; *Jones v. De Muth,* 137 Wis. 120, 118 N. W. 542; *Segelke & K. Mfg. Co. v. Vincent,* 135 Wis. 237, 115 N. W. 806.

*By the Court.*—Judgment affirmed.