SCHULZE, Appellant, vs. LANG and another, Respondents.

*May 4—June 1, 1911.*

*Vendor and purchaser of land: Acceptance of deed as fulfilment of contract.*

Plaintiff contracted in February for the purchase of a farm, and in March accepted a deed after having had it examined, with reference to the description, by a lawyer. As early as May she knew that the deed did not convey all of the farm, but made no complaint then to any one, and in September expressed herself as satisfied with her deal. In December she brought the matter to the attention of her attorneys, who notified the grantor of her claim. *Held*, that upon evidence showing these facts and others the trial court was justified in finding that she had accepted the deed as a fulfilment of the contract and therefore that she was not entitled to a reformation of the deed.

APPEAL from a judgment of the circuit court for St. Croix county: E. W. HELMS, Circuit Judge. *Affirmed.*

This is an action for the reformation of a deed executed by *Robert A. Lang* and wife to the plaintiff, the complaint alleging that such deed was given in fulfilment of a certain land contract entered into between the parties on February 5, 1906, which reads as follows:

"This article of agreement made and entered into this 5th day of February, 1906, by and between *R. A. Lang* of Eau Claire, Wis., and *Mrs. Dora Schulze* of Sandusky, Wis. The party first mentioned shall hereafter be designated party of the first part and the party last mentioned shall be designated as the party of the second part, and the conditions and agree-

ment between these parties mentioned is as follows: The party of the first part hereby agrees to sell and give warranty deed with abstract showing good, merchantable of his farm near Wilson, 200 acres more or less, St. Croix Co., Wis., which the second party and son have visited and inspected, also a bill of sale to the personal as per invoice attached, to the second party for the sum of ten thousand five hundred dollars, and agrees to take as part payment her 80-acre farm where she now lives in the town of Washington, Sauk Co., Wis., for the sum of four thousand dollars and the balance of purchase price to be paid in cash or if the second party cannot get same the party of the first part will take mortgage on said premises for balance that remains unpaid at the time of the completion of this contract.  The party of the second part agrees to give warranty deed of her farm as before mentioned with an abstract showing good merchantable title to the party of the first part.  The party of the second part agrees to pay in cash on or before the time set for the completion of this contract the sum of one thousand dollars and as much more as convenient and such sum or sums shall be applied on purchase price.

"This contract shall be completed and fulfilled by both parties on or before March 15th, 1906."

The complaint further alleges that subsequent to the execution and delivery of said contract plaintiff went into possession of said farm and has remained in possession ever since; that after plaintiff had taken possession said *Lang* and wife executed and delivered to the plaintiff a deed purporting to be in compliance with such contract, but that such deed omitted certain lands which should have been included under the terms of the contract, and that thereafter on November 6, 1906, said *Lang* executed to the defendant *Dunnville Stone Company* a deed of the land omitted from plaintiff's deed, and that by virtue of said last deed the *Dunnville Stone Company* now appears of record as the owner in fee of the land omitted from plaintiff's deed.  The complaint further alleges that at the time of the taking of such deed by the *Dunnville Stone Company* said company had full knowledge and notice that plaintiff was the owner of said land.  The answer alleges that the

deed executed and delivered to the plaintiff conveyed all the
lands intended to be sold by the defendant to the plaintiff, and
that said contract of February 5, 1906, was made without con-
sideration and is void.   Judgment was entered in favor of
the defendants dismissing the complaint, from which judg-
ment plaintiff appeals.

For the appellant the cause was submitted on the brief of
*Baker & Haven.*

For the respondents there was a brief by *W. H. Frawley &
T. F. Frawley,* and oral argument by *T. F. Frawley.*

BARNES, J.   The *Lang* deed did not convey his entire farm,
and the land involved in this action was part and parcel of
such farm.   These facts are shown by the undisputed evi-
dence and the court so finds.   The appellant contends that
the written contract obligated *Lang* to convey his entire farm,
the language relied on being the following: "The party of the
first part [*Lang*] hereby agrees to sell and give a warranty
deed with abstract showing good merchantable [title] of his
farm near Wilson, 200 acres more or less, St. Croix county,
Wisconsin, which the second party [the plaintiff] and son
have visited and inspected."   The appellant further contends
that, while parol evidence was admissible to identify the farm,
it was not competent to show an oral arrangement between the
parties antedating the writing, by the terms of which it was
agreed that about forty acres should be excepted and reserved
by *Lang* out of the farm.   Such parol evidence was received
and the court found that the parol agreement was made.
The finding is amply sustained by the testimony if the evi-
dence was competent.   The court also found that the plaintiff
accepted the deed given her as a compliance with the contract.
The respondents contend that the written contract was suffi-
ciently ambiguous to admit of parol evidence to identify the
farm covered by the contract and also to show that the agree-
ment was that only a part of the farm should be conveyed, and

also that there was an acceptance of the deed tendered as a satisfaction of the contract.

In view of the conclusion reached on the second point it is unnecessary to determine the first one. The plaintiff visited and inspected the farm about February 1st. Between that time and February 5th her husband and *Lang* staked off the part of the farm which plaintiff was to purchase and lying to the west of the west boundary line of the northeast quarter of the southwest quarter of section 35. The lands involved in this action lie to the west of said boundary line. The contract was made on February 5th. The deed was made four days later, and on February 12th it was deposited in escrow with the Bank of Reedsburg, where it remained until March 17th. During this time the plaintiff had the deed examined by the banker, who recommended that she consult a lawyer, because the description was involved. She did so and accepted the deed, giving back a mortgage on the farm for part of the purchase money. · The evidence also tended to show that, while the deed remained in escrow, one of the agents who negotiated the trade made a plat of the land covered thereby for the plaintiff. She admits that she knew as early as May, 1906, that all of the *Lang* farm had not been conveyed to her, but made no complaint to any one before the following December, when she brought the matter to the attention of her attorneys, who notified *Lang* on December 24, 1906, of the nature of her claim. She expressed herself to the agent, Bates, in September, 1906, as being satisfied with her deal. From these facts, was the trial court justified in drawing the conclusion that the plaintiff accepted the deed as a compliance with the contract? The plaintiff has done nothing that has misled the defendant *Lang* to his disadvantage, but it is not necessary that the facts essential to constitute an estoppel should exist in order to defeat the action. If there has been an acceptance of the deed as a fulfilment of the contract, that is all that is necessary, and we think the court was justified in finding that there was

such an acceptance under the following authorities: *Bostwick v. Mut. L. Ins. Co.* 116 Wis. 392, 89 N. W. 538, 92 N. W. 246; *Ripley v. Sage L. & I. Co.* 138 Wis. 304, 119 N. W. 108; *Segelke & K. Mfg. Co. v. Vincent,* 135 Wis. 237, 115 N. W. 806; *Rose v. Bradley,* 91 Wis. 619, 65 N. W. 509; *Miller v. Ryder,* 145 Wis. 526, 130 N. W. 518.  In a dissenting opinion in *Ripley v. Sage L. & I. Co.* the writer expressed his disapproval of what he deemed to be an extension of the doctrine of former cases, but, having done so, feels that it is his duty to acquiesce in the decision of the court in that case and to follow it in other cases falling legitimately within the principle of the decision.

*By the Court.*—Judgment affirmed.