Sawyer Biscuit Company, Respondent, vs. Steiner and another, Appellants.

*October 8—October 27, 1914.*

*Milwaukee civil court: Appeal: Reversal.*

Under ch. 549, Laws of 1909, it was error for the circuit court to reverse on appeal a judgment of the Milwaukee civil court which was supported by the weight of the evidence.

APPEAL from an order and judgment of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Reversed.*

This is an appeal by the defendants from an order and judgment reversing a judgment in favor of the defendants granted by the civil court of Milwaukee county in an action to recover the purchase price of goods, wares, and merchandise.

The cause was submitted for the appellants on a brief signed by *McGee, Jeger & Klingelhoefer* and *E. J. Henning,* and for the respondent on that of *Carroll & Carroll.*

KERWIN, J. This action was brought by the plaintiff, a foreign corporation, doing business in the city of Chicago, Illinois, to recover from the defendants for balance due on account for goods alleged to have been sold and furnished by plaintiff to defendants. The amount involved brought the case within the jurisdiction of a justice of the peace, and the action was tried in the civil court of Milwaukee county and judgment rendered therein in favor of the defendants. Notice of appeal from the judgment of the civil court to the circuit court was filed in the civil court April 16, 1913, and thereafter the record was certified to the circuit court and filed therein on the 8th day of August, 1913. The circuit court reversed the judgment of the civil court on the ground, as appears from the record, that the goods were sold to the defendants as undisclosed principals of one Tylicki.

Counsel for appellants contend that the circuit court was in error in reversing the judgment of the civil court because there was sufficient evidence to support the civil court judgment, while on the part of the respondent it is insisted that on appeals to the circuit court from the civil court in actions like the present the appeal shall be heard upon the original papers in the manner provided by sec. 3769, Stats. This section provides: "Upon the hearing of the appeal, . . .

the appellate court shall give judgment according to the weight of the evidence and the justice of the case, without regard to technical errors which do not affect the merits and without regard to the finding of the justice. . . ."

It will be seen that the Civil Court Act (Laws of 1909, ch. 549, sec. 28, sub. 3) provided, ". . . there shall be no new trial thereof by jury in the circuit court, if a jury trial thereof was not demanded in the civil court or if the parties thereto may not of right require it, but such action shall be heard, determined and judgment therein rendered in the circuit court, on motion as hereinafter provided, upon the original papers and the return of the clerk of said civil court in the manner provided in section 3769 of the statutes."

The above quoted part was dropped out by amendment to sub. 3, sec. 28, ch. 549, of the Laws of 1909 by ch. 320, Laws of 1913; so it will be seen that before the instant case reached the circuit court on appeal the law had been amended so as to make sec. 3769, relied upon by respondent, inapplicable. See *Pabst B. Co. v. Milwaukee L. Co.* 156 Wis. 615, 146 N. W. 879. This amendment is not argued or referred to by counsel on either side. But it is unnecessary to consider the effect of it, since we are convinced that giving the Civil Court Act the construction contended for at the time of the trial in the civil court the judgment of said civil court must be affirmed, because a careful examination of the evidence convinces us that the judgment of the civil court is supported by the weight of the evidence, hence the circuit court was in error in reversing the judgment of the civil court.

There are other points raised by appellants respecting the legal capacity of the plaintiff to sue, the failure of the plaintiff to comply with sec. 1770*b*, Stats., and whether the sale in question involved interstate commerce. But in the

view we take of the case it is unnecessary to consider these contentions.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with instructions to the circuit court to affirm the judgment of the civil court.