GURNETT, Respondent, vs. J. H. FLICK CONSTRUCTION COM-
PANY, Appellant.

*May 25—June 13, 1916.*

### Account stated: Delay in objecting: Presumption.

Tentative statements, with prices, of supplies furnished by a prin-
cipal contractor to a subcontractor were rendered monthly for
about six months and were O. K.'d and retained by the subcon-
tractor; but upon completion of the work, when a final statement
of account was made, he objected, without material delay, to
the prices charged. It appeared that the statement for each
month did not reach the subcontractor until about the end of the
following month, that investigation would be required to ascer-
tain the correctness of some items therein, and that many of the
items objected to appeared only in the last statements ren-
dered. *Held*, that under the circumstances the delay in object-
ing to items in the monthly statements merely raised a presump-
tion of their correctness, but did not give such statements the
force of an account stated.

APPEAL from a judgment of the circuit court for Lincoln
county: A. H. REID, Circuit Judge. *Affirmed.*

Action on contract. This action was brought by the
plaintiff to recover a balance due for work and labor per-
formed in grading and grubbing certain parts of a railroad
right of way for the defendant, who was a principal con-
tractor, and for board for defendant's employees and teams
and for labor and merchandise furnished at the defendant's
request. The trial resulted in a verdict of the jury in favor
of the plaintiff and judgment in his favor. Defendant ap-
peals.

For the appellant there was a brief by *Curtis, Van Doren
& Cole,* and oral argument by *Llewellyn Cole* and *George
Curtis, Jr.*

For the respondent there was a brief by *J. & M. Van
Hecke,* and oral argument by *John Van Hecke.*

ROSENBERRY, J.   The assignments of error in this case involve only questions of fact, with one exception.   We have carefully examined the evidence, which we think fully supports the verdict of the jury.   .The plaintiff was engaged in carrying on work for the defendant under a contract.   Part of the understanding between the plaintiff and the defendant was that the defendant should purchase for the plaintiff certain camp supplies.   Defendant purchased the supplies, and as they were delivered at plaintiff's camp from time to time they were accompanied by statements of account which were O. K.'d by plaintiff.   The statements as rendered monthly disclosed the prices charged for the supplies.   The first statement was rendered for February, and subsequently statements were rendered monthly down to and including the month of August.   Plaintiff retained these statements and upon the completion of the work a final and complete statement of account was made.   A part of the issues settled by the verdict of the jury was the price to be charged for the supplies so furnished.   When the final statement of account was made plaintiff objected to the price charged him for the goods.   The jury found that the defendant was entitled to charge a less amount than the prices shown by the O. K.'d statements.   The defendant claims that the O. K. of the plaintiff and his failure to make objection until the final statement was rendered amounted to a binding agreement upon his part, and that the statements of account rendered each month thereby became an account stated and that the plaintiff was precluded from denying liability thereunder. The defendant cited 1 Cyc. 384; 1 Corp. Jur. 691, 694; *Voss v. Northwestern Nat. L. Ins. Co.* 137 Wis. 492, 503, 118 N. W. 212; *Bostwick v. Mut. L. Ins. Co.* 116 Wis. 392, 89 N. W. 538, 92 N. W. 246; and *Ripley v. Sage L. & I. Co.* 138 Wis. 304, 119 N. W. 108.

We have given this matter careful consideration, and in disposing of it cannot do better than to approve and adopt

the language of the trial court found in his opinion deciding the motion for a new trial:

"I think the evidence does not warrant the conclusion that these accounts have become stated within the technical meaning of the term 'account stated.' It appears only that from month to month while work was going on tentative monthly statements were rendered to the plaintiff.

"The contract is dated January 30, 1914, and by its terms the work was to be finished by June 15th. The statement as to each month did not reach the plaintiff until substantially the end of the following month, so that the first statement rendered by defendant reached the plaintiff in the latter part of March. The work was all finished not later than August 2d. Many of the items involved in dispute in this action appear only in the last statements rendered to the plaintiff. Some of the items charged to the plaintiff would require some investigation to ascertain their correctness. The plaintiff appears not to have known, although he had some suspicion, that defendant was obtaining discounts on merchandise which were not credited to plaintiff. There appears to have been no material delay after rendition of the final account before plaintiff entered objections. Such delay as there was could not be given any further force or effect than to raise some presumption that the accounts as rendered were correct or unobjectionable. There was no such delay and acquiescence as would raise a conclusive presumption of correctness. The rule applicable to the facts in this case is that mere delay for a limited period without returning or objecting to accounts rendered merely raises a presumption or inference of acquiescence. Such presumption or inference is more or less strong according to circumstances. The neglect to return or object may be for such a length of time as to render such presumption conclusive of acquiescence so as to make an account stated. But the facts in this case could at most constitute only *prima facie* evidence of correctness. *Rose v. Bradley,* 91 Wis. 619, 65 N. W. 509; *Jones v. De Muth,* 137 Wis. 120, 118 N. W. 542."

The judgment is therefore correct.

*By the Court.*—Judgment affirmed.