OTT, Appellant, vs. CREAM CITY SAND COMPANY, Respondent.

*October 23—November 13, 1917.*

*Trial: Waiver of jury trial: Motions for directed verdict: Evidence: Competency: Books of account: Sales: Action for price: Counterclaim for fraudulent overcharges: Waiver: Retention of bills rendered: Payments: Appeal from Milwaukee civil court.*

1. Where, in an action before a jury, a motion by plaintiff to dismiss a counterclaim was in effect a motion for a directed verdict in his favor, there was, under sec. 2857a, Stats., a waiver of jury trial and submission of the whole case to the court for decision.

2. Although a so-called ledger, not being the book of original entry, was not admissible under sec. 4186, Stats., as presumptive evidence of the charges therein, yet in this case the testimony as to the destruction of the original books and as to the correctness of the ledger entries and the time and manner of making them was such that said entries might properly be used as memoranda to refresh the recollection of witnesses, and after such use become admissible in connection with such testimony.

3. Slips or bills delivered by plaintiff in each instance with goods delivered to defendant, though offered and admitted in evidence for the purpose of showing delivery only, should on appeal be given their full and proper effect in connection with other undisputed facts.

4. Defendant's retention without objection of such slips or bills (which showed the exact items and the balances of the running account for each month) and also of the monthly statements sent him, and payments made thereon during the time of such deliveries and after they had ceased, and especially after defendant's attention had been called to the possibility of fraud or falsification in the accounts, justified the trial court in dismissing a counterclaim based upon alleged fraudulent overcharges.

5. The conclusions of the civil court of Milwaukee county as to the facts in an action wherein a jury trial was waived being supported by the evidence, its judgment properly based on such facts should have been affirmed by the circuit court on appeal.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Reversed.*

The plaintiff sued in the civil court of Milwaukee county for a balance of $415.95 for groceries and meats supplied defendant between March 18 and November 1, 1915, for use on a boat operated by defendant on Lake Michigan.

The defendant alleged, by way of answer and counterclaim, that during the preceding season of 1914 and the one in question defendant had ordered from plaintiff meats and groceries of the value of about $1,100, for which it had fully paid; that during substantially all the period of the two navigation seasons there had been a conspiracy between the plaintiff and defendant's cook, who had charge of the ordering and receiving of such meats and groceries, so that, upon the promise and payment of money, wines, tobacco, and cigars to such cook, large overcharges were made for such meats and groceries, and that defendant had thereby been defrauded of upwards of $300, for which sum it demanded judgment as well as for the dismissing of the complaint.

It appeared upon the trial that orders for such meats and groceries as received from time to time were entered in one of many order books kept by plaintiff in which was written the amounts so ordered and the prices charged. From these order books, and at substantially the same time, entries were made in a so-called ledger, and from this ledger bills were made out at the time of the sending of the goods, which bills were itemized as to amounts and prices, and there was also carried on each bill or slip the balance then claimed by plaintiff to be existing for each month for either groceries or meats. The order books were not produced on the trial and appear to have been destroyed with a quantity of other such books after the commencement of the action and before the trial.

On request of plaintiff the defendant produced in court substantially all of such bills or slips, and in the few instances where certain bills were not produced the same balances found in the ledger after such missing items appeared

on subsequent slips.    The last slip or bill for meats was dated
October 23d and for groceries October 27th, showing. the
amounts claimed due by plaintiff for such month and corre-
sponding with the accounts in the ledger.    Separate state-
ments appear also to have been rendered showing the bal-
ances due for the respective months, and those of May, June,
July, and August were produced and correspond with the
statements in the ledger and the complaint.

Payments were made by defendant on this account from
time to time while the deliveries were going on and also after
such final deliveries; $100 November 1 and $100 Novem-
ber 20, 1915.    Plaintiff and his wife testified in substance
that the entries in the ledger were made at or about the time
of the transactions; that they were correctly entered and the
prices were reasonable.    Plaintiff gave testimony from which
it might be inferred that he had examined the so-called
ledger, was familiar with the items, and that the entries are
just and reasonable; that he checked everything that was de-
livered and that everything in the book is correct.

One of defendant's officers testified that sometime either in
July or August, 1915, a former employee of plaintiff who
had just been discharged or who had left plaintiff's employ
told him that there had been overcharges and falsifications of
the accounts during the preceding season and during the sea-
son in question.    That from that time on the defendant had
the delivery of the goods and bills from the plaintiff carefully
watched; had some articles weighed, and found in some in-
stances overweights in its favor, but discovered no indication
of fraud by plaintiff.    That defendant made no complaint to
plaintiff with reference to any such possible fraud or over-
charges until December, 1915, and after having had the state-
ments of the final deliveries and making the two payments
on account in November.    The so-called ledger was received

in evidence as an account book after proof had been made of the destruction of the order books.

At the close of the testimony on the trial before a jury the plaintiff moved to dismiss defendant's counterclaim. The defendant then moved for judgment in its behalf. Then, without making any reservation and also without expressing in any way whether he considered it a submission under sec. 2857a, Stats., and apparently on his own motion, the court announced to the jury that in his opinion there was no dispute but that the goods were sold and delivered to the amount claimed and that there was not sufficient evidence upon which a verdict could stand as to the claim of fraud or conspiracy, that the payments in November were a ratification of the transaction, and directed the jury to find a verdict for the plaintiff. Judgment was entered thereupon and appeal taken to the circuit court.

Upon review in the circuit court the judgment was reversed and a new trial ordered in that court for reasons stated to be that the so-called ledger was not properly proven and should not have been considered and that there was therefore an issue of fact left as to whether or not the goods to the amount claimed had been delivered, and also that there was testimony sufficient to go to the jury as to whether or not there had been a conspiracy or fraud. From the judgment of the circuit court so ordering a new trial plaintiff appealed.

For the appellant there was a brief by *Kleist, Harriman & Knappe* of Milwaukee, and oral argument by *E. W. Knappe*.

For the respondent there was a brief by *Lorenz & Lorenz* of Milwaukee, and oral argument by *Leroy B. Lorenz*.

ESCHWEILER, J. Sec. 2857a, Stats., provides that when in a jury trial all the parties to the action shall, without reservation, move the court to direct a verdict, such motions shall,

unless otherwise directed by the court, be considered as equivalent to a stipulation by the parties waiving a jury trial and submitting ·the entire case to the court for decision of the facts as well as the law. Although the plaintiff did not in his motion expressly request any particular judgment other than a dismissal of the counterclaim, yet, upon the state of the record as it then stood and the rulings upon the evidence by the trial court, the dismissal of the counterclaim would have necessarily resulted in judgment for the plaintiff for the amount of his claim, and therefore such motion could properly be considered as one in effect for a directed verdict in plaintiff's favor. The defendant moved for judgment in its favor. Neither the litigants nor the court at that time referred to the provisions of this sec. 2857a, but the situation made by the parties brought the case clearly within this section, and we hold that there was a waiver of jury trial and a submission of the entire case to the court for decision of the facts as well as the law.

The so-called ledger, not being the book in which the first or original entries of the account were made, was not admissible under sec. 4186 as presumptive evidence, in and of itself, of the charges therein contained. Although the evidence as to the entries in this book was meager and unsatisfactory, yet there was sufficient in the testimony of the plaintiff and his wife as to the correctness of these entries and the time and manner of making the same that they might be properly used as memoranda to refresh the recollection of the witnesses as to the transactions in question, and after such use become admissible in connection with such testimony, under the rule in the cases of *Campbell v. Germania F. Ins. Co.* 163 Wis. 329, 338, 158 N. W. 63; *Manning v. School Dist.* 124 Wis. 84, 97, 102 N. W. 356; *Bourda v. Jones,* 110 Wis. 52, 58, 85 N. W. 671; *Riggs v. Weise,* 24 Wis. 545; *Schettler v. Jones,* 20 Wis. 412.

But the judgment of the civil court may well be upheld on another ground and from undisputed facts in the record. While the so-called slips or bills delivered in each instance with the deliveries of the groceries or meats and retained by the defendant were apparently offered in evidence by plaintiff for the purpose of showing delivery only and held to be admitted by the court only for that purpose, yet, being before the court, they now ought to be given their full and proper effect in connection with the other undisputed facts. We are satisfied that there is complete support for the conclusion to which the trial court came, viz. that the goods to the amount and for the prices charged as contained in those slips had been delivered by plaintiff to defendant, from the evidence of the sending to defendant from time to time these bills and statements showing the exact items and the balances of the running account for each month and also the monthly statements, together with the retention of the same by defendant without objection and its payments thereon during the period of the deliveries and for such a time after the final deliveries as must be held to have been more than sufficient in which defendant might have examined the accounts and found grounds for objection if there were any. Especially is that so where, as here, defendant's attention had been challenged in July or August to the possibility of there being just such fraud or falsification as it attempted to set up in its answer. Its retention without objection of the statements, and payments made thereon during the time of and after such deliveries had ceased, all without question or objection, were not only ample *prima facie* evidence of the correctness of the account and of the fact of the delivery of the goods, but might well have been held by the trial court, in the absence of any evidence to the contrary, conclusive evidence thereof. *Gurnett v. J. H. Flick C. Co.* 163 Wis. 574, 158 N. W. 325; *Miller v. Ryder,* 145 Wis. 526, 130 N. W.

518; *Ripley v. Sage L. & I. Co.* 138 Wis. 304, 119 N. W. 108; *Jones v. De Muth,* 137 Wis. 120, 118 N. W. 542; *Rose v. Bradley,* 91 Wis. 619, 65 N. W. 509; *Shaw v. Lobe,* 58 Wash. 219, 108 Pac. 450, 29 L. R. A. n. s. 333, 348; *Oil Co. v. Van Etten,* 107 U. S. 325, 334, 1 Sup. Ct. 178; *Bradley v. McDonald,* 218 N. Y. 351, 388, 113 N. E. 340; 16 Cyc. 962.

It is not deemed necessary to further recite herein the testimony given on behalf of defendant which it is claimed required the submission of the issue raised by the counterclaim to be submitted to the jury. We have considered it and are convinced that the civil court was right and justified in dismissing the counterclaim for want of sufficient evidence.

Under the rule as stated in *Mechanical A. Co. v. A. Kieckhefer E. Co.* 164 Wis. 65, 159 N. W. 557; *Keck v. Michigan Q. S. Co.* 158 Wis. 500, 149 N. W. 208; *Sawyer B. Co. v. Steiner,* 158 Wis. 508, 149 N. W. 1071; *Decker v. Beaver M. Co.* 158 Wis. 471, 149 N. W. 209, that should govern the circuit court on such appeals from the civil court, the judgment of the civil court should be and now is affirmed.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to affirm the judgment of the civil court.