STATE, Respondent, vs. BLIVEN, Appellant.

*September 20—October 14, 1930.*

The cause was submitted for the appellant on the brief of *Edward H. Ryan* of Janesville, and for the respondent on that of *George S. Geffs* of Janesville, special assistant district attorney of Rock county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general.

FRITZ, J.   There was sufficient evidence to warrant the jury in finding that at the time stated in the information, officers, lawfully proceeding under a search warrant, found in defendant's private dwelling a quart bottle of distilled liquor containing seventy per cent. ethyl alcohol; and it was admitted that defendant had no permit to handle or traffic in intoxicating liquor.   Defendant's possession of that liquor constituted a violation of sec. 165.35 (4), Stats. 1927, if it was privately manufactured.

There is no evidence in the record that the liquor was of illicit manufacture unless it be the officer's statement to that effect in the following portion of his official return and certificate, indorsed by him upon, and duly filed with, the search warrant, to wit:

"I hereby certify that in pursuance of the within warrant, I searched for the goods therein described at the place mentioned, and found the following goods, to wit:

6 gal. mash.
1 gal. illicit liquor.
1 qt. illicit liquor.
1 case home brew."

That warrant, with the official certificate and return, which the officer was authorized by law to make, was re-

ceived in evidence at the instigation of defendant's counsel, without any limitation as to the extent or purpose of its reception in evidence, and with the opportunity on the part of defendant to cross-examine the officer, who was a witness on the trial, as to his description of the liquor as "illicit liquor." That certificate was presumptive evidence of the facts therein stated, in view of sec. 327.10, Stats., which, so far as here material, provides:

"When a public officer is required or authorized by law to make a certificate or affidavit touching an act performed by him or to a fact ascertained by him in the course of his official duty and to file or deposit it in a public office such certificate or affidavit when so filed or deposited shall be received as presumptive evidence of the facts therein stated unless its effect is declared by some special provision of law."

Under the circumstances, the officer's characterization of the liquor as "illicit" constitutes part of the competent evidence duly received, and, being before the court and jury without objection or limitation, should be given its full and proper effect in connection with the other proof. *Ott v. Cream City Sand Co.* 166 Wis. 228, 233, 164 N. W. 1005. Standing as it does, unchallenged and uncontradicted, it establishes, at least *prima facie,* that the liquor was of illicit manufacture.

As there is no occasion for any doubt in any other respect, and as we find no error in the record, the judgment of conviction must stand and be enforced.

*By the Court.*—Judgment affirmed.