GILLETTE, Respondent, vs. MANITOWOC CHURCH FURNITURE COMPANY, Appellant.

*February 11—March 10, 1931.*

For the appellant there was a brief by *Jacobson & Malone* of Waukesha, and oral argument by *Marcus A. Jacobson.*

For the respondent there was a brief signed by *Rubin & Zabel,* attorneys, and *R. R. Stauff* of counsel, all of Milwaukee, and oral argument by *Mr. Stauff.*

FRITZ, J. The evidence established, without dispute, that on February 9, 1924, the plaintiff sold and delivered a carload of lumber to the defendant, and that it was entitled to credit for $325.62 on account of payments made by defendant to plaintiff or for his benefit. An additional credit of $331.08 was at first denied by plaintiff, but conceded during the course of the trial. The principal issue submitted to the jury was whether the defendant agreed to pay to plaintiff the market price of the lumber, which the jury found to be $996.97, or only such amount as defendant's

president thought the lumber was worth, which was $656.70; and on that issue there was a decided conflict in the evidence.

The jury found in favor of plaintiff's contentions, that the agreement was to pay the market price. That finding was based almost entirely upon plaintiff's testimony. Consequently, proof of conduct on plaintiff's part which was in contradiction of his testimony, or which impugned his veracity, was of considerable importance to defendant.

As part of the evidence offered by defendant in support of its contentions that the agreement was to pay only such amount as its president thought the lumber worth, and also that it was entitled to the additional credit for $331.08, which it paid in discharge of its note for that amount given to plaintiff's brother, defendant offered in evidence a letter written by defendant to plaintiff's brother on July 29, 1924. That letter was in reply to a letter of the brother, dated June 13, 1924, stating that he and his father had furnished plaintiff with money to buy the lumber, and inquiring whether defendant had settled with plaintiff, and, if not, then when defendant would settle. There was testimony that when defendant received that letter of June 13, 1924, its president showed it to plaintiff, and that he said that it was all right to send the balance which was due plaintiff, to his brother. For that balance defendant sent its note for $331.08 to the plaintiff's brother, in its letter of July 29, 1924, and in that letter stated that—

" . . . the account stands as follows:

| | | |
|---|---|---|
| Amount of invoice | | $656 70 |
| Freight as per inclosed bill | $103 60 | |
| Extra freight accrued by switching charges and demurrage | 20 80 | |
| Total freight | | 124 40 |
| This leaves a balance due of | | $532 30 |

Payments of this account have been
made as follows:

| | | |
|---|---|---|
| February 19th, check to R. W. Gillette. | $109 | 00 |
| June 3d | 50 | 00 |
| July 3d | 51 | 22 |
| Total | $201 | 22 |

The balance due is ................. $331 08
"We are inclosing a sixty-day note in payment of this account. We trust this settlement will be satisfactory."

Plaintiff admitted that his father gave that letter to him in July, 1924, and that although he was then and until April, 1925, in the employment of defendant, he never spoke about that letter to defendant's officers. Before defendant offered that letter plaintiff would not concede that defendant was entitled to credit for the $331.08 note. When defendant offered the letter plaintiff duly objected to it. Defendant's counsel said, "I am going to show the whole transaction because this is a question of veracity." Thereupon plaintiff admitted that defendant was also entitled to credit for the $331.08 note. Thereafter the court admitted the letter of July 29, 1924, in evidence, but upon a subsequent motion by plaintiff the letter was excluded.

That final ruling constituted prejudicial error under the circumstances. It is undisputed that, although the letter was in plaintiff's possession within a few days after it was sent to his brother, and although it was stated therein that the amount of the invoice for the lumber was $656.70, and that the defendant's note for $331.08 was inclosed in settlement of that account, plaintiff never, during the eight months that he continued in defendant's employment, said anything to defendant about that statement of the account and that remittance. He did not commence his action to recover an amount in excess of the $656.70 until September 7, 1928. If, as defendant's witness testified, that letter was written

after plaintiff had said it was all right to send the balance which was owing to plaintiff's brother, and plaintiff failed to deny that it correctly stated the amount of the invoice and that $331.08 was the balance owing, and failed to object to the payment of that amount as such balance to his brother, his failure to so deny and to so object may be construed *prima facie* as admissions that the statements of the account and the balance due were correct, and that the payment to his brother was authorized by him. In *Jones v. De Muth,* 137 Wis. 120, 118 N. W. 542, this court said:

"While of course the plaintiff could not by his own act in writing or sending such bills create any evidence of the value of the separator or the price at which it was sold, yet it is quite uniformly held that, when a demand in the form of a bill or account is delivered to the debtor, his conduct with reference thereto may be significant, and his failure to object within a reasonable time be construed *prima facie* as an admission that such bill or account is correct; not at all conclusive either on the fact of admission or on the fact of correctness, but *prima facie,* subject to be overcome by other evidence."

The rule was recognized in *Mahoney v. Kennedy,* 172 Wis. 568, 179 N. W. 754, and its scope and limitations are discussed at length in *Mahoney v. Kennedy,* 188 Wis. 30, 205 N. W. 407, with the conclusion that—

"When a letter is written making such a claim as in common experience would naturally be denied by the addressee or where it is his duty to reply, the letter and the failure to reply are admissible in evidence."

Although the letter of July 29, 1924, was not addressed to plaintiff, his father gave it to him immediately. The statements therein as to the amount of the invoice and balance owing were such "as in common experience would naturally be denied" if false, and the proposed payment of the balance to plaintiff's brother would be objected to, if unauthorized, by one having the opportunity for communi-

cation which plaintiff had while in defendant's employment. Plaintiff's failure to so deny and object admitted of the inference that he knew that under their agreement defendant's original obligation to him was for such amount as defendant's president thought the lumber was worth, viz. $656.70, and also that he authorized the payment of the $331.08 to his brother, for which plaintiff in testifying at first failed to allow any credit to defendant.

The evidence which was excluded was not merely cumulative, and the inferences which the jury could have drawn from plaintiff's negative conduct in relation thereto might have been of sufficient significance to cause the jury to find adversely to plaintiff as to the terms of the agreement between the parties.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.