8871

GWATHNEY *ET AL.* v. BURGISS.

(82 S. E. 394.)

SALES FOR FUTURE DELIVERY. PLEADING. JOINDER OF CAUSES OF ACTION.

1. Under Code Civil Proc., sec. 218, a cause of action on an account stated may be joined in same complaint with a cause of action on an open account arising out of the same transactions, and a motion to strike out the cause of action on the account stated is properly refused.

1a. In an action on an open account, plaintiff must prove each item, and cannot recover interest except by express agreement, while, in an action on an account stated, he may recover upon proof that defendant agreed to the account as stated, and may, under Civ. Code 1912, sec. 2516, recover interest; hence a third cause of action on an account stated, based on practically the same facts as those alleged in the first two causes of action, which averred that there was an open account between the parties, will not be stricken on the ground of redundancy.

2. A demurrer to a complaint to recover for breach of contracts for sale for future delivery is properly overruled where the allegations are susceptible of an inference that shows it to have been the *bona fide* intention of the parties to the contracts, at the time they were made, that the goods should be sold and delivered in kind at the future time specified in the contract.

3. In an action by a broker against his principal for reimbursement for losses in purchases and sales of cotton for future delivery, it is immaterial that the names of the parties to contracts are not given, where it is alleged that both buyer and seller had the required intention as to *bona fide* delivery.

3a. Where defendant failed to furnish cotton brokers with whom he had had transactions with sufficient funds to indemnify themselves on purchases and sales made for his benefit, the brokers were not bound to carry his contracts to maturity; it being the duty of the principal to indemnify his agent.

4. That brokers, through whom defendant dealt in cotton for future delivery, closed out his transactions upon his failure to deposit sufficient margins, does not show that defendant had no intention of receiving and delivering the actual cotton, thus rendering the contract bad under Civ. Code 1912, sec. 3421, denouncing dealings in futures.

5. A demurrer admits the allegations of a pleading attacked.

6. In an action by a broker who suffered loss upon contracts entered into for a customer for the sale and purchase of cotton in the future, where different inferences as to whether the transactions constituted dealings in futures, denounced by Civ. Code 1912, sec. 3421, could be drawn from the allegations of the complaint admitted by the demurrer, the complaint is good; the questions being for the jury.

7. Under Civ. Code 1912, sec. 3421, providing that every contract for the sale or transfer at any future time of any cotton, etc., shall be void, unless it is the intention of both parties to the contract that the cotton shall be actually delivered, a broker who entered into contracts on behalf of defendant for the future sale and purchase of cotton cannot recover thereon, where defendant had no intention of actually receiving or delivering the cotton.

Before MEMMINGER, J., Spartanburg, April, 1913. Affirmed.

Action by Archibald B. Gwathney, Jr., William Mitchell, Robert C. Cairns and Edward E. Bartlett, Jr., copartners trading as Gwathney & Co., against J. F. Burgiss. From an order refusing to strike out the third cause of action, and overruling a demurrer to the complaint, defendant appeals.

The pleadings are substantially stated in the opinion.

FOOTNOTE.—See also case of *Maybank & Co.* v. *Rodgers, post,* in this volume.

The grounds of demurrer were as follows:

The defendant hereby reserves the right to make the motion heretofore noticed to strike out portions of the complaint as irrelevant and redundant.

The defendant herein demurs to the 2d and 3d causes of action set out in the complaint, because the same do not state facts sufficient to constitute a cause of action for the following reasons:

1st. Because said causes of action allege that the contract for the sale of five hundred bales of cotton for delivery in May and the contract for the purchase of two hundred bales of cotton for delivery in March was a *bona fide* transaction, with the intention on both sides that the actual cotton should be delivered in March and May, respectively; that the plaintiffs closed out both of said contracts on the 4th day of January, long prior to the time when they matured, without the authority or consent of the defendant, and therefore in violation of his rights, and therefore the plaintiffs can have no claim against the defendant on account thereof. If these were *bona fide* transactions, the plaintiffs could have no right of action, unless they perform their part of said contracts and carry same to maturity. Having violated the contract by closing it out before the time stipulated, they could have no cause of action.

2d. Because it is alleged in said causes of action that the plaintiffs closed out the March and May contracts, mentioned therein, because the defendant refused to put up $1,500.00 as margins to cover same, and the allegations in said causes of action in this connection conclusively show that it was not the *bona fide* intention of the plaintiffs, much less of the defendant, that the actual cotton should be delivered in March and May, respectively, therefore said contracts were in violation of the law of this State against gambling in futures, and were null and void.

3d. The defendant further demurs to the whole complaint on the ground that it does not state facts sufficient to constitute any cause of action for the following reasons:

It appears from the complaint that all the transactions, out of which the alleged causes of action grew, were for the future sale and delivery on one side and the purchase and acceptance on the other of cotton; that the plaintiffs were acting as agents for the defendant, and that it was the *bona fide* intention of themselves, as agents, that the cotton should be delivered and received in kind, and there is no allegation in the complaint that it was the *bona fide* intention of the defendant to either deliver or receive the cotton in kind, or that defendant had authorized said agents to do the things alleged in the complaint with any such *bona fide* intention; that the complaint shows by section XLIV (44) thereof that it was not the intention of the plaintiffs to hold the March and May contracts open until they matured, so that the actual cotton should be delivered, because the plaintiffs called for "margins" on January 3d, and, without authority from the defendant, closed them out, showing conclusively that it was not the intention of the plaintiffs that the cotton should be delivered in March and May, respectively, but that they were what are known as future contracts or gambling in futures. The acts of the plaintiffs alleged in this connection show conclusively that they had no such *bona fide* intention for delivery of the actual cotton.

4th. Because it appears from the complaint all the way through that plaintiffs purchased and sold the contracts "in their own name and without disclosing defendant's name;" that it thus appears that said Gwathney & Co. on one side, and somebody else, not named, on the other, were "seller and buyer," and that the defendant had nothing to do with the "selling and buying;" that in this action it is Gwathney & Co., plaintiffs, and Burgiss, defendant, who are before this Court; that there is no allegation that the defendant had any *bona fide* intention to receive or deliver the cotton

in kind; that there is no allegation that the defendant ordered the cotton bought or sold under the rules of the New York Cotton Exchange.

That the whole complaint alleges that the plaintiffs and some one, not named, were the "seller and buyer," and there is no allegation that the defendant had any intention that the actual cotton should be delivered at any time, and an agent who advances money for a principal to buy or sell future contracts cannot recover same, under the circumstances and facts alleged in the complaint.

*Messrs. Johnson, Nash & Daniel,* for appellant, cite: *As to refusal to strike out third cause of action:* Civil Code 3425; 45 S. C. 367, 368; 71 S. C. 345. *As to first and second causes of action:* 54 S. C. 382; Civil Code, sec. 3421; 149 U. S. 481; 37 L. Ed. 820 and 110 U. S. 499, 510, *distinguished;* 45 S. C. 368, 369; 54 S. C. 385; 72 S. C. 35; 50 S. C. 537. *Rules of exchange:* 58 S. C. 211. *Conflict of laws, what statute governs:* 9 Cyc. 674; 45 S. C. 344, 369; 2 Kent. Com. 458; Clark Contracts 502, *et seq.;* 3 Am. & Eng. Enc. of L. 554; 58 N. J. Eq. 219; 2 Hill 319; 1 Strob. 82; 9 Rich. 262. *Transactions not interstate commerce:* 209 U. S. 406; 52 L. Ed. 855. *Stats. at Large:* 1907, p. 614; Crim. Code, 1912, secs. 263 to 270; Civil Code, 1912, secs. 3421 to 3425. *Contracts not protected by Constitution:* 187 U. S. 606; 47 L. Ed. 323; 8 Cyc. 887; 184 U. S. 425; 50 L. R. A. 763; 69 S. C. 527; 21 L. R. A. 789; 46 Law Ed. 623.

*Messrs. Sanders & DePass* and *John R. Abney,* for respondent, cite: *Joinder of causes of action on open account for original debt with cause of action on account stated proper:* 1 Saunders on Pl. & Ev. 42; 17 Abb. Pr. 340; 1 App. Div. 610. *Account stated:* 4 Cranch. 306, 309. *Demurrer as to first and second cause of action properly overruled:* 149 U. S. 481, 498; 62 N. Y. 535, 540,

542A; 55 N. Y. 425; 67 N. Y. 138, 145; 63 N. Y. 370, 396; 217 Pa. 173; 135 Fed. 47; 198 U. S. 236, 249; 137 App. Div. 110; 202 N. Y. 603. *The demurrer so far as it relates to the whole complaint, was properly overruled:* Moak's Van Santvoord's Pleadings (3 ed.) *652; 10 How. Pr. (N. Y.) 222; 54 Misc. (N. Y.) 152. *As to contracts in names of plaintiffs:* 19 N. Y. 170; 149 U. S. 481, 489; 198 U. S. 236, 247; 137 App. Div. (N. Y.) 110; 202 N. Y. 603. *These transactions are excepted by the statute of South Carolina, upon which the demurrer is based, as the orders and reports. of execution and result were between citizens of different States, and the transactions were by mail and wire:* Stats. 1907, pp. 614-16. *The contracts are New York contracts, and the statutes of South Carolina do not apply to them:* 83 U. S. 314; 91 U. S. 406.

July 13, 1914.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This action was brought to recover a balance alleged to be due to plaintiffs from defendant, arising out of dealings in cotton futures on the New York Cotton Exchange by plaintiffs as agents of defendant. The plaintiffs state their case in three causes of action. The complaint is too long to report in full. It contains a good deal of repetition in stating the details of the various transactions, so that we shall state only the substance of the allegations, omitting formal allegations and such as are not material to the consideration of the question made by the appeal.

The facts alleged are: Plaintiffs are cotton commission merchants and brokers of the city of New York and members of the New York Cotton Exchange. Defendant is a resident of Spartanburg, S. C. The purchases and sales hereinafter mentioned were made by plaintiffs for defendant, as his agents, subject to the by-laws, rules and regulations of said exchange. Except those of January 4, 1912,

which will be specially noticed later, each was made at the request of defendant, and he was promptly notified of each by wire and mail, and also of the results of the transactions, as they were closed out by statements, showing the details of the transactions, including the deduction or addition of the commissions which plaintiffs were entitled to charge under the rules of the exchange. Each purchase and sale was made in the name of the plaintiffs, without disclosing the name of the defendant. The foregoing facts are stated in each cause of action to which they are appropriate. The intention of the parties as to the transactions is alleged in the following language: "It was the *bona fide* intention of both parties—seller and buyer—at the time of making such contract that the cotton should be actually delivered and received in kind at the future period mentioned, and certainly such was the *bona fide* intention of plaintiffs, as agents for defendant."

The transactions set up as the first cause of action were as follows:

1. Aug. 24, 1911, bought 100 bales for January, 1912, delivery. Sept. 8, 1911, closed this transaction by selling 100 bales for January, 1912, delivery, making for defendant $110.00.

2. Aug. 25, 1911, bought 100 bales for October delivery. Aug. 28, 1911, bought 100 bales for October delivery. Sept. 5, 1911, closed these transactions by selling 200 bales for October delivery, making for defendant $40.00.

3. Sept. 29, 1911, sold 400 bales for December delivery. Oct. 7, 1911, closed this transaction by buying 400 bales for December delivery, making for defendant $820.00.

4. Sept. 30, 1911, sold 100 bales for October delivery. Oct. 11, 1911, closed this transaction by buying 100 bales for October delivery, making for defendant $295.00.

5. Oct. 16, 1911, sold 200 bales for May, 1912, delivery. Oct. 28, 1911, closed this transaction by buying 200 bales for May, 1912, delivery, making for defendant $100.00.

6. Nov. 26, 1911, sold 400 bales for May, 1912, delivery. Dec. 13, 1911, closed this transaction by buying 400 bales for May, 1912, delivery, making for defendant $340.00.

7. Dec. 13, 1911, bought 100 bales for May, 1912, delivery. Dec. 18, 1911, closed this transaction by selling 100 bales for May, 1912, delivery, making for defendant $65.00.

8. Sept. 13, 1911, bought 200 bales for January, 1912, delivery. Dec. 28, 1911, closed this transaction by selling 200 bales for January, 1912, delivery, losing for defendant $2,680.00.

The difference between the sum of the previous gains and the loss on this transaction is $910.00, payment of which was duly demanded of defendant and refused.

The following transactions are set up as the second cause of action:

Dec. 18, 1911, sold 500 bales for May, 1912, delivery. Dec. 29, 1911, bought 200 bales for March, 1912, delivery. While plaintiffs were carrying these contracts, defendant became indebted to them, as stated in the first cause of action, in the sum of $910.00. In the meantime, the price of cotton for May and March deliveries so rose that on January 3, 1912, these contracts showed a loss of $510.00, which, with plaintiffs' commissions, $105.00, and the previous loss of $910.00, amounted to $1,525.00. Thereupon, plaintiffs demanded of defendant a remittance of $1,500.00 to cover these losses and their commissions in part. Their demand was refused. Thereupon, plaintiffs notified defendant that unless they were notified by 11:45 o'clock the next day that remittance of said sum had been made they would liquidate said contracts. Defendant failed to make the remittance, and, on January 4, 1912, plaintiffs closed these transactions by buying 500 bales for May, 1912, delivery, and by selling 200 bales for March, 1912, delivery, the former resulting in a loss to defendant of $675.00, and the latter in a gain of $180.00, the net result being a loss to

defendant of $495.00, which, with the previous loss of
$910.00, makes $1,405.00, for which judgment is demanded
against defendant.

In the third cause of action, the transactions of the first
and second causes of action are set up as a cause of action
on an account stated, it being therein alleged that the
account between the parties was stated on January 4, 1912;
that it was found that the sum of $1,405.00 was then due
to plaintiffs from defendant; and that defendant agreed to
said statement of the account and promised to pay the same,
but no part thereof has been paid.

The defendant moved to strike out the third cause of
action as irrelevant and redundant, and demurred to the
first and second causes of action, and, also, to the whole
complaint for insufficiency. The motion was refused, and
the demurrer was overruled.

The ground of the motion to strike out the third cause
of action is that it was merely a repetition of the facts of
the first and second, and, therefore, redundant. This
ground is not well taken. There is this difference:
The first and second causes of action are based upon
items of an open account, while the third is upon an account
stated.

There are material differences in the rights of the parties
in an action on an open account, and in an action on the
same account, as an account stated. Some of them are:
In the first, plaintiff must prove each item of the account,
and cannot recover interest, except, in equity, under peculiar
circumstances, or upon an express agreement to pay interest.
In the second, he may rest his case upon proof that defend-
ant agreed to the account, as stated, and promised to pay
it, and interest is recoverable on such an account by statute.
Civ. Code, sec. 2516. There are also differences in the
defenses which are available under a general denial in the
two cases.

It is permissible, under section 218 of the Code of Procedure, to join in the same complaint, a cause of action on open account and one on the same account, as an account stated, as both causes of action arise out of contract. In such a case, if the plaintiff fails to prove the cause of action on the account stated, he may, nevertheless, recover on the open account. The motion was, therefore, properly refused.

The grounds of demurrer are long and argumentative in form. We shall not state them here, as they will be reported. They make the point that, notwithstanding the allegations of the complaint, as to the intention of 2, 7 the parties thereto, the transactions therein stated fall under the ban of the statute of this State (sec. 3421 Civ. Code, 1912, being sec. 2310 Civ. Code, 1902), which declare such contracts void, unless (one of the exceptions mentioned in the statute) it is the *bona fide* intention of both the parties to the contract, at the time of making the same, that the cotton, or other thing bought or sold, shall be actually delivered and received in kind at the future period mentioned. Defendant's contention is based upon an inference from the facts stated in the complaint. It is argued that the allegation of intention as to the May and March contract is conclusively shown to be untrue, because plaintiffs closed out said contracts, on January 4, 1912, before they matured, without authority from defendant, and, therefore, in violation of his rights; hence they have no cause of action; that if they were *bona fide* transactions, plaintiffs would have no right of action, unless they performed their part of the contracts, and carried them to maturity. This argument is faulty in several aspects: 1. It overlooks the reason why the contracts were closed out, to wit, the refusal of the defendant, after demand, to indemnify the plaintiffs, his agents, against loss. The principal impliedly agrees to indemnify his agent against liability for loss incurred in consequence of acts done in pursuance of the agency, and

11—98.

to reimburse him for losses sustained in the execution of the agency. *Bibb* v. *Allen,* 149 U. S. 481; 13 Sup. Ct. 950; 31 Cyc. 1532; Mecham on Agency, secs. 653, 977, 1031. 2. It assumes that, if the contracts were valid, it was the duty of the plaintiffs to carry them to maturity, which they were not bound to do, for the reason just stated. 3. It assumes that the only inference to be drawn from closing out the contracts is that there was no intention, when they were made, to perform them by actual delivery of the cotton. But the closing out of the contracts is not necessarily inconsistent with the intention alleged. When the defendant practically repudiated the contracts by refusing to indemnify the plaintiffs, they had the right to do whatever was reasonably necessary to protect themselves against further possible loss. There was one way, if not the only way, by which they could certainly do this, and that was adopted by the plaintiffs. They had sold and agreed to deliver 500 bales in May. To enable themselves to perform that contract, they bought 500 bales to be delivered to them in May, so that they would have the cotton to deliver to the person to whom they had sold it. And they had bought and agreed to receive for defendant 200 bales in March. Not wanting it themselves, they sold 200 bales for March delivery, so that they could have some one to whom they could deliver it, when it was delivered to them. And so, the two transactions were liquidated, without further loss either to the plaintiffs or the defendant. 4. It ignores the allegation of intention, the truth of which is admitted by the demurrer. No doubt, if the facts stated and admitted to be true are susceptible of only one reasonable inference, it is one of law for the Court; but, where they admit of more than one inference, as we have shown they do in this case, no matter how strong or convincing one of them may be, it is the province of the jury to say which is the correct inference. As said by the Supreme Court of the United States, in *Irwin* v. *Williar,* 4 Sup. Ct. Reporter 499; 110 U. S. 499, 510: "We do

not doubt that the question whether the transactions came within the definition of wagers is one that may be determined upon the circumstances, the jury drawing all proper inferences as to the real intent and meaning of the parties; for as was properly said in the charge: 'It makes no difference that a bet or wager is made to assume the form of a contract. Gambling is none the less such because it is carried on in the form or guise of legitimate trade.' It might, therefore, be the case, that a series of transactions, such as that described in the present record, might present a succession of contracts, perfectly valid in form, but which, on the face of the whole, taken together and in connection with all the attending circumstances, might disclose indubitable evidence that they were mere wagers. The jury would be justified in such a case, without other evidence than that of the nature and circumstances of the transactions, in reaching and declaring such a conclusion."

The next point is that there is no allegation that defendant had, at the time of making the contracts, the intention prescribed by the statute, as a condition of their validity. The allegation is that both parties to the contracts—"seller and buyer"—had the required intention. It is further alleged that, in making each contract, the plaintiffs were the agents of defendant. Therefore, the defendant was a party to each contract—as seller or buyer. The allegation was intended to apply to him in the relation which he actually bore to the respective transactions, as well as to the other parties thereto, though they are not named. But the fact that they are not named is not material. That is evidentiary. They are not before the Court. The plaintiffs further allege that their own intention, as agents of the defendant, was as required by the statute. But whether they so intended or not, the defendant is not liable, unless he had the required intention. *Riordan* v. *Doty*, 50 S. C. 537, 27 S. E. 939; *Harvey* v. *Doty*, 54 S. C. 382, 32 S. E. 501.

These views make it unnecessary to consider the grounds relied upon by the plaintiffs in the Circuit Court in opposition to the demurrer, and, in this Court, to sustain the order appealed from, which is affirmed.

Affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur in the judgment of the Court.

MR. JUSTICE FRASER, *dissenting*. I dissent. This is an action by the plaintiff against the defendant for failure to pay losses on various contracts for future delivery of cotton. The plaintiff alleges that on the 24th day of August, 1911, he (plaintiff), on the order of the defendant, bought, in his own name on the New York Exchange, one hundred bales of cotton for delivery in January, 1912. That thereafter, on the 5th day of September, 1911, the defendant, by telegram, directed the plaintiff to *close out* said transaction by selling one hundred bales of cotton for said January delivery. That on the 8th of September, 1911, plaintiff *closed out* said transaction by selling one hundred bales of cotton. That in the same manner, on 25th of August, 1911, he bought one hundred bales of cotton, in his own name, for the defendant, for delivery in October, 1911, and on the 28th of August, 1911, he bought another one hundred bales for the defendant for October delivery, and on the 5th September, 1911, by the defendant's direction, the plaintiff closed out said transaction by a sale of two hundred bales of cotton for October, 1911, delivery.

There is no use to go through all the transactions set out, they are of the same nature. The plan is to buy one hundred bales of cotton and then before the time for delivery, one hundred bales are sold. If it is the same cotton or the same parties, the complaint does not say so. When the plaintiff buys or sells for the defendant, the name of the other principal is not given. When a merchant in legiti-

mate business makes a contract to buy goods and then makes a contract to sell goods, he is doing business, not closing out his business. Here, when the defendant buys 100 bales of cotton and then sells 100 bales of cotton, the transaction is closed. The defendant has made two contracts to do two things and therefore he is not required to do either. According to the complaint, the contract to deliver in January was "closed out" by the contract to receive in January. What possible connection in real business can there be unless there is an agreement to offset the sale against the purchase? There is no such obligation here. The statutes of this State make all contracts for future delivery void with three exceptions:

1. Where the seller is the owner of the cotton, or

2. Authorized by the owner to sell, or

3. It was the *bona fide* intention of both parties, at the time of making the contract, that the cotton should be sold and delivered in kind at the future time specified in the contract.

The plaintiff seeks to recover under No. 3. The allegations, however, reiterated time and again, are, that the second contract closed out the first contract. The effect of the making of the second contract in every series was to annul the first and relieve the defendant of all obligation except to pay or receive the differences. This complaint alleges a demand for the differences and not a demand for delivery or receipt of the cotton. If the plaintiff had *bona fide* contracts to deliver and receive cotton, then the failure to deliver and receive the cotton is the breach of the contract and there is no allegation of a failure to deliver or receive cotton. Even if the allegation of a *bona fide* intention to deliver and receive is a sufficient allegation of a legal contract, no breach of it has been alleged, and, therefore, no cause of action has been stated.

It will be observed further that the allegation of *bona fides* is not made as to all the purchases and sales. Paragraphs

34 and 36 constitute one group. The complaint unites these two transactions as one and makes the allegation of *bona fides* only as to the purchase. The allegation of loss is·as to the combined contracts and there is no allegation of loss as to the purchase alone. Even supposing that the allegation of *bona fides* is sufficient to sustain an action for loss on the purchase, yet there is no allegation of *bona fides* as to the contract of sale, and the contract of sale is illegal (see Code, 1912, section 3425), and when the complaint bases the right to recover on the result of two contracts, one legal and the other illegal, then the result is bound to be tainted with illegality and unenforceable, *i. e.,* the complaint has not stated a cause of action. Indeed the allegation as to a *bona fide* intention, to receive and deliver, could not have been made as to the sale because the contract of sale is alleged· to have "closed out the transaction." There could therefore have been no intention to deliver or receive on the second contract of this series. It will be observed that in the first and second causes of action the allegation of *bona fides* is alleged as to only one part of one series of purchase and sale. Each cause of action must be complete in itself.

The third cause of action is for an account stated. The separate causes of action are not mentioned and not relied upon. The allegation as to *bona fides,* therefore, must be confined to the account stated. That transaction dealt with the payment of money only, and in that transaction no cotton was to have been delivered or received. Even if the defendant had gone further than merely giving his consent to the result of the stated account and promise to pay it, and had given his most solemn note, bill, bond, judgment, mortgage or other security in whole or in part for the balance of the account, the security so given would have been utterly void, frustrate and of noneffect to all intents and purposes whatsoever. Civil Code, 1912, section 3425.

Even if the third cause of action could borrow allegations from the first and second causes of action, we have seen they cannot stand because each of them is based in part on illegal transactions.

It seems to me that this complaint not only states no cause of action, but states contracts that the statutes have expressly declared illegal.

The purchases and sales are said to have been made subject to the rules of the New York Exchange. What are those rules? It may be that no reference to the rules need be made, but the reference *is* made, and if the rules required the delivery and receipt in every contract, it would have been a useful allegation. The complaint does allege that exhibit II was made in accordance with those rules, and exhibit II shows that the failure to deliver and receive was unworthy of mention. Exhibit II shows that the differences, in money only, constituted the breach of the contract. Exhibit II does not show that receipt and delivery in kind could not be had, but that is not the question. If the rules are pertinent at all, they must require receipt and delivery in kind, and exhibit II (if in accordance with the rules as alleged) shows that differences only were required. The statutes require a *bona fide* intention to deliver and receive in kind. The defendant was both buyer and seller in each series. The statute requires that both buyer and seller in each contract shall intend to deliver and receive in kind. It may be said that the allegation of a *bona fide* intention does not apply to all the transaction, but it does apply to those in which the defendant lost out. If the defendant wants to disregard those items in which he won, the Court is at liberty to do so. The statute does not permit the Courts to separate the good from the bad, but declares that if the illegal feature enters at all, the whole shall be *utterly void*.

*frustrate and of noneffect to all intents and purposes what-
soever.*

For these reasons I dissent.

MR. JUSTICE GAGE did not sit in this case.