## 9352

### GWATHMEY *ET AL.* v. BURGISS.

#### (88 S. E. 816.)

1. ACCOUNT STATED—INTEREST.—Where the creditor sends his debtor a statement of the account between them, and the debtor assents to the balance stated, the account ceases to be an open account and becomes an "account stated," on which the creditor can bring his action as a liquidated demand, and on which he is entitled to interest from the date of assent.

2. ACCOUNT STATED — ASSENT — IMPLIED ASSENT. — While assent to a creditor's statement of an account may be implied by the debtor's retention of the account without objection for a long period of time as several years, an account does not become an account stated by the debtor's retention, without objection, of the account for a lesser period of time.

3. EVIDENCE—ADMISSIBILITY—PAROL EVIDENCE.—Where plaintiff's membership in a stock exchange was collateral to the case, proof may be made by parol, though a record of members existed.

4. GAMING—FUTURES—INTENT—EVIDENCE.—In an action to recover the balance due on a transaction relating to the futures in cotton, evidence concerning defendant's intent is material, that being an essential fact in determining whether the defendant was liable.

5. GAMING—FUTURES—GAMING CONTRACTS.—Under the statute declaring that every contract for the sale or transfer at any future time of any cotton shall be void, unless it is a *bona fide* intention of both parties to the agreement that the cotton be actually delivered and accepted, neither the doctrine of equitable estoppel, payment, nor stated account will warrant the enforcement of a contract bad under the statute.

6. CONSTITUTIONAL LAW—DUE PROCESS OF LAW—VOID CONTRACT.—An illegal contract is void *ab initio,* and thereafter the denial of the right to enforce it does not work a deprivation of property without due process of law, though the contract was between citizens of different States.

Before SMITH, J., Spartanburg, ———, 1915.    Reversed.

Action by Archibald B. Gwathmey, Jr., and others, partners trading as Gwathmey & Co., against J. F. Burgiss. From a judgment for plaintiffs, defendant appeals.

*Messrs. Lyles & Daniel,* for appellant, cite: *As to essentials of account stated:* 1 Cyc. 366, 369, 458. *Rules of Exchange irrelevant:* 50 S. C. 537, 548; South Carolina Statute, Civil Code, secs. 3421, 3422; 98 S. C. 279 and 162, 163. *Estoppel cannot be predicated on illegal contract:* 16 Cyc. 720, 784; 15 A. & E. Enc. of L. (2d ed.) 1015; 35 L. R. A. (N. S.) 813, 819. *Question of intent:* 98 S. C. 163 and 285.

*Messrs. John R. Abney* and *Sanders & DePass,* for respondents, cite: *As to failure to dispute an account rendered after lapse of reasonable time:* 2 Wigmore Ev., sec. 1073, subd. 3. *Rules of Exchange:* 2 Wigmore Ev., secs. 1252 to 1254; Jones Ev. (Pocket ed.), par. 203. *No motion to strike out allegations as to rules:* 70 S. C. 8; 82 S. C. 273; 85 S. C. 257; South Carolina Statute, Civil Code, secs. 3421, 3422. *Estoppel:* Bigelow, Estoppel (6th ed.) 489; 16 Cyc. 722, 724, 726, 749, 754; 59 N. E. 82; 84 Am. St. Rep. 274. *Charge inapplicable to evidence is harmless:* 55 S. C. 343. *South Carolina statute inapplicable to transactions of interstate commerce:* 117 U. S. 91.

March 27, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is the second appeal. The first case is reported in 98 S. C. at page 152, 82 S. E. 394.

Appellant's statement of his case:

Plaintiffs sue to recover an alleged balance arising out of transactions on the New York Cotton Exchange. The complaint states three causes of action; the first two being on the detailed transactions, and the third on an account stated. Under the instructions of the Court, the jury found for plaintiff on all three causes of action.

1. "The first exception assigns error in the refusal of defendant's motion for a nonsuit on the third cause of action, on the ground that there was no evidence that an account was stated between the parties."

Where a creditor sends to his debtor a statement of the account between them and the debtor assents to the balance stated, then the account between them ceases to be an open account and becomes an account stated. The creditor can then bring his action upon the account stated as a liquidated demand, and he is entitled to interest from the date of the assent. This was at first confined to account between merchants. The trend of modern decisions is to open the doors to persons other than merchants. Assent might be expressed or implied from the circumstances. The circumstances were such as a promise to pay the stated balance; long retention of the account without question of the balance and the like. ·

In *Pratt* v. *Weyman,* 12 S. C. L. (1 McCord. Eq.) 162, we find:

"In some cases where an account is sent by one merchant to another with a balance stated against him, and keeps it by him for two or three years, it is considered as a settled account between them."

There is nothing in this case to show an express assent to the amount sued for, nor is there anything in the record to show an implied assent to the balance claimed, except the retention of the account without objection as to the balance claimed, and that was not within the minimum as set forth above, even between merchants. It certainly was not an account stated on the 4th of January, 1912, the day it was sent. A creditor cannot relieve himself of the necessity of proving the items of an account by mailing a copy to the debtor showing a balance. This exception is sustained.

2. "The second exception assigns error in not excluding the oral testimony of plaintiff that they were members of the New York Exchange, when it appeared that a record of membership exists."

Appellant's counsel frankly admits that the only authority he has been able to find is against him. The membership was really a collateral matter in this case and could be proven by parol.

3. "The third and fourth exceptions complain of the admission of evidence of the rules and by-laws of the New York Cotton Exchange on the ground of irrelevancy."

They certainly were not irrelevant. The appellant alleges that from these "rules and by-laws" alone did the plaintiff furnish any evidence of the intention of the appellant. The intention of the appellant was an essential fact in the case. Evidence that tends to prove an essential fact is not irrelevant. The admission is not reversible error, because the rule effective here was the same contained in the "transaction notice" which was already in evidence.

4. The fifth exception is as follows:

"In charging the jury as follows: 'If a man authorize another to purchase cotton for him, to be delivered at a future time, thereby making him his agent for that purpose, and in the course of that agency or employment he pays out or disburses funds in behalf of his principal, due to the demands in the course of the agency, that agent is wilfully and intentionally misled and deceived as to the purpose and intention, the manifestations are such that any reasonable man would reach the conclusion that it was an honest, *bona fide* intention according to law, but the secret motive and purpose is to mislead to another's injury, and money under those circumstances is expended and paid out, the law will not permit the one for whose benefit the loss is sustained to come into Court, in the face of this statute

even, and set up the fact that the agent had no authority, or that the contract was void. He would be estopped from taking any such position. If that is not, it should be, the law, and I charge you in this case that it is the law, and by it you are bound. There is no conflict between that and the existence of a *bona fide* intention, under those circumstances, having disclosed the fact to a reasonable mind, having made the manifestation to lead one to conclude that there was a *bona fide* intention. The doctrine of estoppel does not do away with the establishing of a *bona fide* intention. He will not be heard to say it was not there. I think the two should be reconciled in that way,' the error being:

"(a) That, under this instruction, the jury were authorized to find for the plaintiffs, notwithstanding they believed the testimony of the defendant to the effect that he had not the intention required by the statute at the time the contracts were made.

"(b) That such instruction freed the jury from following the plain provision of the law that, in order to recover in such an action, the plaintiff must prove by the greater weight of the evidence that the *bona fide* intention of both parties to the contract to actually receive and deliver in kind, at the future period, actually was present at the time the contract was made.

"(c) That by this instruction, the presiding Judge virtually permitted the jury to repeal the antifuture delivery statute by the application of the doctrine of estoppel."

This exception is sustained. The requirement of the statute is absolute. "Every contract * * * for the sale or transfer at any future time of any cotton * * * shall be void unless," etc. All contracts for future delivery are void, except those mentioned, and when the suit is on a contract for future delivery, the plaintiff shall prove the intention of the defendant, and unless the contract is shown to be within the exception, it is not enforceable in the Courts of this State.

Equitable estoppel does not apply. Neither does estoppel by stated account, contract, or payment apply. By the statute the question is: Was it the *bona fide* intention of the seller to deliver and the buyer to receive the cotton at the time mentioned? If so, the defendant ought to pay the loss. If not, the Courts cannot enforce the contract.

The respondents ask to sustain their judgment on the ground that, to refuse to enforce this contract would be to deprive the respondents of their property without due process of law. If the contract is illegal, the respondents are deprived of nothing, because they never had any right. An illegal contract is void *ab initio*.

The last question is that this is interstate commerce, and the State statute does not apply. The record does not bring the case within the requirements of the Federal statute, and if the Federal statute governs, the case must still be reversed.

A new trial is ordered.