## 9702

### GWATHMEY & CO. v. BURGESS.

#### (93 S. E. 1.)

GAMING—FUTURES—INSTRUCTIONS.—In an action to recover the balance due on a transaction relating to futures in cotton, the instruction "whether a contract for the purchase or sale of cotton for future delivery is good or bad depends upon the intention of the parties at the time, and if it was their intention to receive or deliver the cotton or to sell their contract to some one else before maturity, then they are bound by such contract, even though they may have changed their minds after the contract was entered into," was erroneous because under it the jury could substitute the intention of the parties that the cotton be actually delivered and accepted, as required by statute to that of allowing the contracts to be sold before maturity.

Before SEASE, J., Spartanburg, Spring term, 1916. Reversed.

Action by Gwathmey & Co. against J. F. Burgiss. Judgment for plaintiff, and defendant appeals.

*Messrs. Lyles & Daniel,* for appellant, cite: *As to proof of intent:* Civil Code, sec. 3421; 98 S. C. 152, 153, 279, 285; 104 S. C. 280, 284. *Instructions as to time contract was made:* 38 Cyc. 1627; 98 S. C. 281.

*Messrs. John R. Abney* and *Sanders & DePass,* for respondent, cite: *As to charge considered as an entirety:* 63 S. C. 370; 77 S. C. 399; 54 S. C. 90; 103 S. C. 1; 73 S. C. 467; 89 S. C. 387. *Harmless error:* 96 S. C. 25; 102 S. C. 493; 44 S. C. 546; 64 S. C. 112; 71 S. C. 444; 72 S. C. 355; 73 S. C. 557; 78 S. C. 23. *Inadvertent error not called to attention of Court:* 86 S. C. 231; 100 S. C. 359; 75 S. C. 307; 72 S. C. 361; Crim. Code, sec. 263. *Extra territorial effect of State statute:* 117 U. S. 91.

June 29, 1917.

The opinion of the Court was delivered by Mr. Justice Watts.

This is the third appeal in this case. The first appeal is in 98 S. C. 152, 82 S. E. 394; the second is in 104 S. C. 280, 88 S. E. 816. The last trial was at the Spring term of the Court, 1916, for Spartanburg county, before Judge Sease and a jury. A verdict was rendered in favor of the plaintiffs, and, after entry of judgment, defendant appeals.

The first exception is:

(1) The Court erred in charging the jury the plaintiffs' fourteenth request, as follows: "Whether a contract for the purchase or sale of cotton for future delivery is good or bad depends upon the intention of the parties at the time, and if it was their intention to receive or deliver the cotton, or to sell their contracts to some one else before maturity, then they are bound by such contracts, even though they may have changed their minds after the contract was entered into. I charge you that, gentlemen"—the error being: (a) That said instruction ignored the absolute requirement of the statute governing contracts of sale for future delivery that it is essential to their validity that the *bona fide* intention to deliver in kind on the part of the seller, and to receive

in kind on the part of the buyer at the future period mentioned, shall exist at the time of their making, and authorized the jury to hold defendant liable, notwithstanding they believed his testimony to the effect that he had not the required intention. (b) Said instruction permitted the jury to substitute for intention required by the statute the intention to sell the contracts before maturity, and thereby authorized a recovery on contracts declared void by said statute.

The exception must be sustained. His Honor was in error in instructing the jury that, if it was the intention of the parties at the time the contract was made that the contract could be sold to some one else before maturity then they would be bound by such contracts, even though they may have changed their minds after the contract was entered. into. Under this charge the jury could substitute the intention of the parties required under the statute to that of allowing the contracts to be sold before maturity. This would be annulling the plain words and intent of the statute. This exception is sustained, and it is unnecessary to consider exception two.

Reversed, and new trial granted.

MR. CHIEF JUSTICE GARY did not participate in the consideration of this case.