BYRNE BROTHERS COMPANY, Appellant, vs. BARNEKOW, Respondent.

*January 14—February 10, 1920.*

*Account stated: Implied promise to pay: Evidence.*

1. Where, in an action by a mason contractor against a general contractor upon an account stated, it appeared from the evidence that there were disputed items, concessions made, and a final balance struck, an account stated might properly be found.
2. If there is an account stated, an implied promise to pay arises.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

The plaintiff, a mason contractor, sued the defendant, a general contractor, upon an alleged account stated.

The defendant admitted that the parties met for the purpose of adjusting the accounts between them, but denied that any agreement was made. And further answered by way of counterclaim alleging certain payments made by him for which he had not received credit, certain overcharges by plaintiff, and damages from failure of plaintiff to do certain work in a proper manner.

The issues were tried in civil court without a jury, and findings of fact made to the effect that the plaintiff had performed labor and furnished material for and on behalf of the defendant, and that in December, 1917, an accounting was had between the parties and an account stated whereby it was determined that there was $370.80 as a balance due from defendant to plaintiff; that the defendant was not entitled to recover anything under his counterclaim, and directing dismissal of the same and judgment in favor of plaintiff for said sum and interest. From a judgment entered thereupon the defendant appealed to the circuit court, which court reversed and set aside the judgment of the civil court and directed that a new trial of the issues in the circuit court be had. There is nothing to show the grounds upon which such reversal was had.

From such order of the circuit court the plaintiff has appealed.

For the appellant there was a brief by *Alfred Kay,* and oral argument by *Irving T. Fish,* both of Milwaukee.

For the respondent there was a brief by *Perry & Perry* of Milwaukee, and oral argument by *Raymond J. Perry.*

ESCHWEILER, J. For several years prior to February, 1917, the plaintiff company had been doing cement and concrete work in and about the basements of structures which were being erected by the defendant, and payments were made from time to time by defendant.

In February, 1917, plaintiff rendered an itemized statement of its charges for such work and materials furnished and of the payments or credits on the same for the period from January 1, 1915, starting with a then balance claimed to be due from defendant of $148.12. The debit items in such statement aggregated over $11,000, and the balance after deducting credits was $1,842.32.

Statements of account were subsequently rendered by plaintiff to defendant under dates of May 1, July 1, and December 1, 1917, showing subsequent charges and credits, each of such statements carrying forward the balance that appeared on the preceding one.

A final statement was rendered December 31, 1917, starting with the debit of $478.26 from the statement of December 1st, and giving credit for an item of $29.20 and another of $78.22 as on account of two transactions that were included in the statement of February 1, 1917.

An examination of the testimony convinces us that where, as here, there were disputed items, concessions made, and a final balance struck, the court might properly find an account stated. *Segelke & Kohlhaus M. Co. v. Vincent,* 135 Wis. 237, 240, 115 N. W. 806; 1 Corp. Jur. p. 688; *Hoover-Dimeling L. Co. v. Neill,* 77 W. Va. 470, 87 S. E. 855; *Gwathmey v. Burgiss,* 104 S. C. 280, 88 S. E. 816.

Although the trial court did not expressly find that there

was an express promise on the part of the defendant to pay such agreed balance, though there was testimony that such a promise was made, still there arises upon such a situation an implied promise to pay. *Rose v. Bradley,* 91 Wis. 619, 625, 65 N. W. 509.

No valid reason is therefore disclosed for a reversal of the judgment of the civil court, and it must stand.

*By the Court.*—Order of the circuit court reversed, and the judgment of the civil court affirmed.