## 10515

### MARLBORO COTTON MILLS v. MOORE.

#### (104 S. E. 305.)

GAMING—INTENTION AT TIME OF CONTRACT FOR FUTURE DELIVERY FOR JURY UNDER CONFLICTING TESTIMONY.—There can be no direction for either party in an action for breach of contract for future delivery of cotton, but the case is for the jury under all the circumstances surrounding the making of the contract, intention, at the time of making the contract, of the party contracting to receive the cotton, to receive it in kind, necessary to take the contract out of the gaming statute, the only question in the case being testified to by him in one place, and he in another place testifying to having had intention to sell the contract, which does not take it out of the statute.

Before MOORE, J., Marlboro, Spring term, 1919. Reversed.

Action by Marlboro Cotton Mills against B. E. Moore. From judgment for plaintiff, the defendant appeals.

*Messrs. Gibson, Muller & Tison,* for appellant, cite: *Testimony as to speculator's means competent for purpose of showing whether he intended to gamble on contracts:* 8 A.

& E. Enc. L. 1010, note 3; 97 Pa. St. 202; 89 Pa. St. 20; 3 S. W. Rep. 152; 7 Biss. (C. C.) 338. *Facts that goods were sold "short" some evidence of intent:* 8 A. & E. Enc. Law 1011. *Intention to comply necessary:* 1 Civ. Code, sec. 3421. *Insolvency at or about time of contract is competent:* 26 S. E. 48; 20 S. E. 405. *Circumstances showed Exum had no intention of complying:* 93 S. E. 3.

*Mr. W. M. Stevenson,* for appellant, cites: *Statute must be complied with literally:* 98 S. C 283-4; 107 S. C. 334. *Legislature meant to make impossible gambling in futures:* 50 S. C. 543. *With no intention to comply, contract void ab initio:* 107 S. C. 334. *Financial standing admissible:* 14 A. & E. Enc. Law 620; 59 Am. St. Rep. 302.

*Mr. D. D. McColl,* for respondent, cites: *Insolvency does not evidence intent on part of vendee not to pay for goods purchased:* 8 A. & E. Ann. Cas. 505.

October 12, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for damages for failure to deliver 200 bales of cotton under a contract for future delivery. On the 20th day of May, 1916, the defendant agreed to deliver to C. E. Exum 200 bales of cotton on or before the 1st day of November, 1916. There was a very considerable advance in the price of cotton between the date of the contract and the date of delivery, to wit, a little more than six cents per pound. In the summer of 1916, Mr. Exum was in financial trouble, and admitted that he could not pay his debts. Five days after the defendant and Exum made their contract for future delivery, Exum sold the contract to the plaintiff, but no notice of the transfer of the contract was given to the defendant until several weeks later, and then cotton had risen above the contract price. The defendant

admits that he intended *bona fide,* at the time of the making of the contract, to deliver the cotton, but denied that Exum intended to receive the cotton, and alleged that the contract was a mere speculation, so far as Exum was concerned, and was void under the statute (Cr. Code 1912, sec. 263). Both plaintiff and defendant moved for a directed verdict, based upon the testimony of Mr. Exum. The presiding Judge directed a verdict for the plaintiff.

On the direct examination, we find:

"Q. At the time that this contract was signed on the 20th of May, 1916, was it your intention to receive this cotton at the future date specified in the contract? A. Yes, sir."

The only question in the case being the intention of the buyer, it is manifest that the presiding Judge should not have directed a verdict for the defendant.

On the redirect examination, we find:

"Q. You did not think that you were going to be unable to take it, did you? A. I don't think so; if you want me to answer it, I had no idea of carrying it myself. I was going to transfer it to some one who was able to take the cotton."

It is equally clear that no verdict should have been directed for the plaintiff. There is no attack on Mr. Exum's character. Without intending to misstate anything, he has stated two different intentions, to wit, to receive the cotton and to sell the contract. In which statement was he exact? That was a question for the jury, under all of the circumstances surrounding the making of the contract. The words of the statute require an intention to actually receive the cotton in kind, by the party contracting to receive it. Contracts for future delivery are declared to be void, except as to those taken out of the general provisions of the statute. So far as this case is concerned, an intention to actually receive the cotton brings the case within the exemption. An intention to sell the contract does not. *Gwathmey & Co. v. Burgess,* 107 S. C. 332, 93 S. E. 1, is authority.

The judgment is reversed, and a new trial ordered.