# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Travis A. Roddey, Individually and as the Personal
Representative of the Estate of Alice Monique Beckham
Hancock, deceased, Appellant,

v.

Wal-Mart Stores East, L.P., U.S. Security Associates,
Inc., and Derrick L. Jones, Respondents.

Appellate Case No. 2016-002248

---

Appeal From Lancaster County
G. Thomas Cooper, Jr., Circuit Court Judge

---

Opinion No. 27783
Heard February 14, 2018 – Filed March 14, 2018

---

## AFFIRMED

---

Whitney B. Harrison and Shawn Deery, both of Columbia,
and S. Randall Hood, of Rock Hill, all of McGowan Hood
& Felder, LLC, for Appellant.

Stephanie G. Flynn, of Smith Moore Leatherwood, LLP,
and W. Howard Boyd, Jr., of Gallivan, White & Boyd, PA,
both of Greenville, for Respondents.

---

**CHIEF JUSTICE BEATTY:** This appeal presents us with the opportunity
to revisit our decision in *Roddey v. Wal-Mart Stores E., LP*, 415 S.C. 580, 784 S.E.2d
670 (2016), wherein we reversed and remanded for a new trial after determining the

Court of Appeals erred in affirming the circuit court's decision granting Wal-Mart's motion for a directed verdict on the appellant's negligence action. On remand, the circuit court, believing the new trial to be limited to the negligence action, issued an order striking the negligent hiring, training, supervision, and entrustment action and barring any evidence in support of the action on the basis of *res judicata*. Travis Roddey, individually and as the personal representative of Alice Hancock's estate, ("Appellant") appealed the order and we certified the appeal pursuant to Rule 204(b), SCACR. We affirm.

## I.      Factual and Procedural History

Wal-Mart suspected Alice Hancock's sister, Donna Beckham, of shoplifting. As Beckham was exiting the store and heading for Hancock's car, Wal-Mart's employees told Derrick Jones, an on-duty Wal-Mart security guard employed with U.S. Security Associates, Inc. ("USSA"), to delay Beckham from leaving its premises. Beckham, however, got into Hancock's car and Hancock exited the parking lot and entered the highway. Jones pursued Hancock onto the highway in contravention of Wal-Mart's policies after Wal-Mart's employees repeatedly asked him to obtain Hancock's license tag. Hancock died in a single-car accident shortly thereafter.

Appellant filed suit against Wal-Mart Stores East, LP, USSA, and Jones (collectively "Respondents"), alleging negligence and negligent hiring, training, supervision, and entrustment. At the conclusion of Appellant's case, Wal-Mart moved for a directed verdict on both causes of action, submitting: (1) Appellant failed to present evidence showing Wal-Mart breached its duty of care; (2) Appellant failed to present evidence showing Wal-Mart's actions were the proximate cause of Appellant's injuries; and (3) Hancock was more than 50% negligent for the injuries in this case. The circuit court granted Wal-Mart's motion and dismissed it from the case, concluding "there is insufficient evidence that Wal-Mart was negligent, or even if they were there is [a] lack of proximate cause that the events were not foreseeable."

USSA subsequently moved for a directed verdict on the negligent hiring cause of action. USSA argued the fact that Jones had a suspended driver's license and a criminal record did not make it foreseeable that "Jones would engage in a high speed pursuit down the highway off [Wal-Mart's] premises." The court denied the motion and both the negligence action and the negligent hiring action were sent to the jury.

On Appellant's negligence action, the jury found Jones and USSA 35% negligent and Hancock 65% negligent. On Appellant's negligent hiring action, the jury found USSA was negligent for hiring Jones, but determined its negligence did not proximately cause Appellant's injuries. Appellant filed a Rule 59, SCRCP motion seeking a new trial based, in part, on the circuit court's decision to direct a verdict in favor of Wal-Mart on the negligence cause of action, arguing he presented enough evidence from which a jury could find Wal-Mart breached its duty and that its breach proximately caused the injuries in this case. The circuit court denied the motion and Appellant appealed to the Court of Appeals.

In a split decision, the Court of Appeals affirmed the circuit court's ruling granting Wal-Mart's motion for a directed verdict on the negligence action. *Roddey v. Wal-Mart Stores E., LP*, 400 S.C. 59, 732 S.E.2d 635 (Ct. App. 2012). We granted certiorari to review the Court of Appeals' decision and reversed in a 3-2 decision. *Roddey v. Wal-Mart Stores E., LP*, 415 S.C. 580, 784 S.E.2d 670 (2016). We found "there is evidence from which a jury could determine that Wal-Mart was negligent, and that its negligence proximately caused the injuries in this case." *Id*. at 589, 784 S.E.2d at 675. Accordingly, we remanded "for a new trial as to all of the [Respondents]." *Id*.

On remand, prior to the new trial, Respondents filed a motion to exclude the negligent hiring action from retrial on the basis of *res judicata*. Respondents submitted: (1) Appellant could not pursue the action against USSA and Jones because it was tried and decided by a jury during the first trial and Appellant did not appeal the verdict; and (2) Appellant could not pursue the action against Wal-Mart because USSA hired Jones and because Appellant only appealed the circuit court's grant of Wal-Mart's motion for a directed verdict on the cause of action for negligence and not negligent hiring.

The circuit court agreed with Respondents and issued an order striking the negligent hiring cause of action and barring any evidence concerning that action from retrial. Appellant appealed the circuit court's ruling to the Court of Appeals and we certified the appeal pursuant to Rule 204(b), SCACR.

## II.    Discussion

**1. Whether the circuit court erred in striking Appellant's negligent hiring cause of action.**

Appellant contends the circuit court erred in striking the negligent hiring action. We disagree.

In his Rule 59, SCRCP motion, Appellant did not challenge the circuit court's grant of a directed verdict in favor of Wal-Mart on the negligent hiring action or allege any error regarding the jury's verdict in favor of USSA on the negligent hiring action. Moreover, the only issue Appellant appealed was the circuit court's grant of a directed verdict in favor of Wal-Mart on the negligence action, which was the only issue addressed by this Court and the Court of Appeals. Therefore, our decision to grant a new trial only encompassed the negligence action since the negligent hiring action was not preserved for our review. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge."); *Summersell v. S.C. Dep't of Pub. Safety*, 337 S.C. 19, 22, 522 S.E.2d 144, 145-46 (1999) (stating "where an issue presented to the circuit court in a civil case is not explicitly ruled upon in the final order, the issue must be raised by an appropriate post-trial motion to be preserved for appellate review"); *Hendrix v. E. Distrib., Inc.*, 320 S.C. 218, 219, 464 S.E.2d 112, 113 (1995) (providing that an issue should not be addressed by an appellate court if it is not preserved for the court's review).

Accordingly, we affirm the circuit court's decision to strike the negligent hiring action on the basis of *res judicata*. *See Plum Creek Dev. Co. v. City of Conway*, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999) ("Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties."); *id.* ("Under the doctrine of res judicata, '[a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit.'" (quoting *Hilton Head Ctr. of S. Carolina, Inc. v. Pub. Serv. Comm'n of S. Carolina*, 294 S.C. 9, 11, 362 S.E.2d 176, 177 (1987))).

## 2. Whether the circuit court erred in barring evidence of the negligent hiring cause of action.

Appellant next contends this Court should reverse the circuit court's order barring evidence of the negligent hiring claim. We disagree.

Appellant interprets the circuit court's order barring evidence concerning the negligent hiring action as also barring evidence of his negligence action if that

evidence overlaps with the negligent hiring cause of action. Accordingly, Appellant asserts that excluding evidence of Respondents' negligence because the evidence may also support the negligent hiring cause of action "strip[s] Appellant from his means of proving his case" and is in "direct contradiction" to our decision in *Roddey*, which relied on the evidence now barred by the circuit court's ruling.

We do not interpret the circuit court's decision to be as limiting as Appellant proclaims. Significantly, neither do Respondents. According to Respondents,

> Appellant's fear that the ruling of the trial court will somehow result in the exclusion of evidence shown to be relevant and not unfairly prejudicial in the negligence action simply because it may have also been relevant to another cause of action that is no longer before the jury is nonsensical and should be disregarded.

Respondents acknowledge that:

> The trial court's order in no way prevents Appellant from presenting evidence to a jury that Wal-Mart improperly instructed Derrick Jones to get the license tag number and never told him to stop, nor in showing that Wal-Mart's own internal policies and procedures prohibited them from doing what Jones did in pursuing Hancock.

Therefore, it is undisputed that Appellant may present relevant and otherwise admissible evidence of Respondents' negligence in the retrial regardless of whether the evidence could also support the negligent hiring action. While there may be some disagreement as to what specific evidence may be admitted to show Respondents' negligence, the decision to admit that evidence is properly left to the trial court as it is in a better position to review the evidence and determine its admissibility. *See Fields v. J. Haynes Waters Builders, Inc.*, 376 S.C. 545, 567, 658 S.E.2d 80, 92 (2008) (recognizing "[t]he admission or exclusion of evidence is left to the sound discretion of the trial court").

Thus, we affirm the circuit court's decision barring evidence in support of the negligent hiring cause of action unless the evidence is relevant to the negligence action and is otherwise admissible.

### III. Conclusion

Based on the foregoing, the circuit court's decision is

**AFFIRMED.**

**KITTREDGE, HEARN, JJ., and Acting Justices Daniel Dewitt Hall and James Otto Spence, concur.**