**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

William Earl Sherley, Appellant.

Appellate Case No. 2019-000302

---

Appeal From Pickens County
Perry H. Gravely, Circuit Court Judge

---

Unpublished Opinion No. 2021-UP-287
Submitted May 1, 2021 – Filed August 4, 2021

---

**AFFIRMED**

---

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

---

**PER CURIAM:** William Earl Sherley appeals his conviction for lewd act upon a child and sentence of ten years' imprisonment, suspended upon service of three years' imprisonment and three years' probation. On appeal, Sherley argues the trial

court erred in denying his motion in limine to prohibit testimony from several witnesses about out-of-court statements by the victim and holding the testimony was admissible under the "time and place" exception of Rule 801(d)(1)(D), SCRE.

In his brief to this court, Sherley admitted he did not make a contemporaneous objection to the testimony when it was presented during trial. Moreover, the State called the victim to testify before it presented the testimony at issue, and neither party referenced "time and place" corroborating testimony during opening arguments. Therefore, we hold Sherley failed to preserve this issue for appellate review, and we affirm his conviction and sentence pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Smith*, 337 S.C. 27, 32, 522 S.E.2d 598, 600 (1999) ("A ruling in limine is not final; unless an objection is made at the time the evidence is offered and a final ruling procured, the issue is not preserved for review."); *State v. Wiles*, 383 S.C. 151, 156, 679 S.E.2d 172, 175 (2009) ("There is an exception to this general rule when a ruling on the motion *in limine* is made 'immediately prior to the introduction of the evidence in question.'" (quoting *State v. Forrester*, 343 S.C. 637, 642, 541 S.E.2d 837, 840 (2001))); *id.* at 157, 679 S.E.2d at 175 (holding that even when the evidence in dispute does not immediately follow the motion in limine, the issue is preserved for appellate review if the trial court clearly indicated its ruling was final rather than preliminary); *State v. Pace*, 316 S.C. 71, 74, 447 S.E.2d 186, 187 (1994) (finding the defense counsel's failure to object to disparaging personal remarks by the trial court regarding counsel's age and gender did not amount to a waiver of the issue on appeal because "the tone and tenor of the trial [court's] remarks . . . were such that any objection would have been futile"); *Hendrix v. E. Distrib., Inc.*, 320 S.C. 218, 219, 464 S.E.2d 112, 113 (1995) (holding this court should not have addressed an issue that was not preserved for appellate review), *cited in Roddey v. Wal-Mart Stores E., L.P.*, 422 S.C. 344, 348, 811 S.E.2d 785, 787 (2018).

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.