**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bank of America, N.A., Respondent,

v.

Janie C. Southern, Appellant.

Appellate Case No. 2019-001941

Appeal From Greenville County
Alex Kinlaw, Jr., Circuit Court Judge

Unpublished Opinion No. 2022-UP-211
Submitted March 1, 2022 – Filed May 18, 2022

**AFFIRMED**

Susan P. Ingles, of South Carolina Legal Services, of Greenville, for Appellant.

Joseph Ernest Brown, of Cooling & Winter, LLC, of Greenville; and Salvatore Louis Schiappa, III, of Cooling & Winter, LLC, of Marietta, Georgia, both for Respondent.

**PER CURIAM:** Janie C. Southern appeals the circuit court's award of $8,417.49 to Bank of America, N.A. (the Bank) from Southern on the Bank's action for account stated. Southern argues (1) South Carolina does not recognize "account

stated" as a civil cause of action when a creditor seeks to recover an alleged credit card balance from a consumer and (2) the Bank failed to prove the elements of account stated in a merchant-to-merchant context. We affirm pursuant to Rule 220(b), SCACR.

1. Southern's argument that South Carolina does not recognize a cause of action for account stated for collection of consumer credit card debt is not preserved for appellate review because the circuit court did not explicitly rule on this issue in its order, and Southern failed to raise the issue in a post-trial motion. *See Roddey v. Wal-Mart Stores E., L.P.*, 422 S.C. 344, 348, 811 S.E.2d 785, 787 (2018) ("[W]here an issue presented to the circuit court in a civil case is not explicitly ruled upon in the final order, the issue must be raised by an appropriate post-trial motion to be preserved for appellate review." (quoting *Summersell v. S.C. Dep't of Pub. Safety*, 337 S.C. 19, 22, 522 S.E.2d 144, 145-46 (1999))).

2. We hold the Bank established the elements of an account stated cause of action because the account was actually stated, and Southern impliedly agreed to the amount by failing to object to the account as stated within a reasonable time. *See S. Welding Works, Inc. v. K & S Constr. Co.*, 286 S.C. 158, 164, 332 S.E.2d 102, 106 (Ct. App. 1985) ("The essential elements of an account stated are (1) that the account is actually stated; and (2) that the parties either expressly or impliedly agreed that it is a true statement and is due to be paid then or at some other specified time."); *Gwathmey v. Burgiss*, 104 S.C. 280, 282, 88 S.E. 816, 817 (1916) ("A creditor cannot relieve himself of the necessity of proving the items of an account by mailing a copy to the debtor showing a balance); *Huggins v. Com. & Sav. Bank*, 141 S.C. 480, 497, 140 S.E. 177, 182 (1927) ("*Evidence of the retention by a depositor of statements or passbook of his bank, after a reasonable time for examination, without notice to the bank of objection thereto, may be given to show an implied admission of an acquiescence in the correctness of the account.*").

**AFFIRMED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.